Danny HURLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 59410.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 1, 1980.

Rehearing Denied Nov. 12, 1980.

John D. Byers, Sulphur Springs, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ., and KEITH, Commissioner.

## OPINION

KEITH, Commissioner.

■ Defendant was indicted for robbery of Jose Martinez while exhibiting a pistol. The cause was consolidated with a case against one D. M. Jones which charged the same offense against Martinez at the same time and place. Both defendants pleaded not guilty and sought probation from the jury. The jury found both to be guilty of robbery by assault and assessed the punishment of Jones at six years, probated, and that of appellant at five years, also probated. Both defendants were represented at the trial by the same retained counsel.[1]

The sole ground of error is that appellant was denied effective assistance of counsel because of a conflict of interest between Jones and appellant. We have examined the lengthy record and find no merit to the contention and affirm the judgment.

Jose Martinez, a Mexican National, had procured two other Mexican Nationals to work for Jones who had paid him one hundred dollars for expenses incurred in their travel from Mexico to Hopkins County. The men worked at Jones' place for only a few days before going to Harlan Irvin's place, also in Hopkins County. According to Irvin, he gave Jose Martinez a check for one hundred dollars in payment of his services in procuring the same two aliens to work for him.

Jones happened to be driving by Irvin's place when he saw "his" illegal aliens working at Irvin's farm. Jones then attempted to catch the two men but they eluded him. Irvin, however, succeeded in getting them to answer whether they wanted to continue working for Jones or for him. Both chose Irvin.

The next day, Jones sought and obtained the address of Martinez, telling Irvin that he was going to find Martinez and get his money. According to Irvin, "He [Jones] just said he had a gun in the car and he was going to get his money one way or the other."

Martinez testified that Jones, accompanied by appellant, came to his house; that Jones told him he was a deputy sheriff and that Hurley pointed a large pistol at him while Jones emptied Martinez' wallet. He testified that Jones took Irvin's check for $100 and $78 dollars in cash from the wallet. Martinez and the two Mexican Nationals in his home were forced to strip to their underwear and Martinez was made to accompany Jones and appellant some distance before being let out on the highway, still clad only in his underwear.

Jones and appellant both denied using any type of weapon but did admit taking Irvin's check from Martinez' wallet after making him partially disrobe; and, both admitted "requesting" Martinez to accompany them some distance down the road before being let out of their car. Both admitted that the card Jones showed to Martinez was a "courtesy deputy" card issued to him by the sheriff of Gregg County; and, both admitted that there was a rifle in the back seat of the car when they drove away from Martinez' home.

After releasing Martinez, Jones and appellant then drove to Irvin's place where

---

1. The original record was filed in our Court on August 22, 1978, but it did not contain a judgment of conviction. We dismissed the appeal by a per curiam order suggesting that if a judgment had in fact been rendered, it would be appropriate for the trial court to enter judgment nunc pro tunc pursuant to the provisions of Article 42.06, Vernon's Ann.C.C.P., under the procedure outlined in *Shaw v. State*, 539 S.W.2d 887 (Tex.Cr.App.1976).

Pursuant to our suggestion, the Court conducted a hearing and found that while a written judgment had been entered on the minutes, appellant had not been given notice of the entry thereof. The trial court then reaffirmed the original judgment and we have been furnished with a certified copy. We now reinstate the appeal and will treat it as an appeal from a nunc pro tunc order. *Shaw v. State*, supra.

Jones delivered to Irvin the check which had been taken from Martinez. Irvin tore the check into small pieces; and, at Jones' request, issued his check to Jones in the same amount. However, Jones never collected on the Irvin check because payment thereon had been stopped by the maker.

Both Jones and appellant testified that appellant's only connection with the entire episode was to act as an interpreter while Jones was the moving force in the transaction. However, there was evidence to the contrary and the jury was not required to accept the self–serving declarations of appellant and his co–defendant.

As noted earlier, appellant and co–defendant Jones were jointly represented at the trial by one retained lawyer. Neither voiced any complaint of this joint representation and the trial court did not make any inquiry as to a possibility of conflict between appellant and his co–defendant. Indeed, after our study of the trial record, we have not observed any evidence of a conflict.

Counsel conducted a rigorous cross–examination of each witness for the State; he placed appellant and Jones upon the stand and they gave testimony which was consistent with their joint defense. Present counsel now contends that appellant was denied effective assistance of counsel and that he is entitled to a reversal therefor. We do not agree.

■ The Supreme Court of the United States has made a change in the law recently with reference to the right to effective assistance of counsel. One of the more far–reaching decisions, as applicable to the complaint now under consideration, is to be found in dictum in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333

(1980). Citing many of its prior decisions, the Court held:

"[T]he Sixth Amendment does more than require the States to appoint counsel for indigent defendants. The right to counsel prevents the States from conducting trials at which persons who face incarceration must defend themselves without adequate legal assistance.

"A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel.... Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers." (446 U.S. at 344, 100 S.Ct. at 1716, 64 L.Ed.2d at 344)

The foregoing language used in *Cuyler v. Sullivan* leads us to a reexamination of our present rule relating to the adequacy of representation by retained counsel. This concept has been articulated in many cases, a few of which are set out in the margin.[2]

In essence, this Court has adopted a double standard when considering claims of ineffective counsel. The "breach of legal duty" standard is generally applied to claims of ineffective retained counsel. *Hunnicutt v. State*, 531 S.W.2d 618, 626 (Tex.Cr.App.1976); *Earvin v. State*, 582 S.W.2d 794, 799 (Tex.Cr.App.1979). On the other hand, the "reasonably effective assistance" standard is generally applied to claims of ineffective appointed counsel. *Ex parte Gallegos*, 511 S.W.2d 510, 511 (Tex.Cr.App.1974); *Ex parte Morse*, 591 S.W.2d 904, 905 (Tex.Cr.App.1980).[3]

---

2. See, e. g. *Harrison v. State*, 552 S.W.2d 151 (Tex.Cr.App.1977); *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App.1976); *Ex parte Raley*, 528 S.W.2d 257 (Tex.Cr.App.1975); *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App.1977); *Pete v. State*, 533 S.W.2d 808 (Tex.Cr.App.1976).

3. Judge Roberts, in dissents, has criticized this judicial dichotomy. See *Ewing v. State*, 549 S.W.2d 392, 396 (Tex.Cr.App.1977, dissenting opinion); *Harrison v. State*, 552 S.W.2d 151, 153 (Tex.Cr.App.1977, dissenting opinion).

Under the holding of *Cuyler v. Sullivan*, supra, this separate and uneven treatment of the question of effective assistance of counsel may no longer be continued as the rule in this Court.

The holding in *Harrison v. State*, 552 S.W.2d 151 (Tex.Cr.App.1977), and the other cases cited in footnote 2 hereof, and any other cases by this Court which are contrary to our holding today, are each hereby overruled to the extent of such conflict. Henceforth, this Court will not make any distinction between retained and appointed counsel when their effectiveness is challenged. Each should be reasonably competent and neither should render inadequate representation.

We turn now to a consideration of two questions which were reserved in *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426, 434 (1978), and were discussed in *Cuyler v. Sullivan*, supra.[4] The Court, in *Holloway* and *Cuyler*, relying principally upon *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), held that requiring or permitting a single attorney to represent co–defendants "is not per se violative of constitutional guarantees of effective assistance of counsel." (435 U.S. at 482, 98 S.Ct. at 1178, 55 L.Ed.2d at 433)

The Court noted that " '[a] common defense often gives strength against a common attack.' " (Id.) This last quotation from Mr. Justice Frankfurter's dissent in *Glasser* (315 U.S. at 92, 62 S.Ct. at 475, 86 L.Ed. at 710–711), is particularly appropriate in the case under review. Appellant and Jones presented a united front, each corroborating the other in his denial of the charges made by the State's witnesses.

■ In answering its first question (fn. 4), the Court concluded that the trial courts

are entitled to assume that multiple representation entails no conflict or that the lawyer and his clients have accepted knowingly the risk of conflict. Thus, "[u]nless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry." (446 U.S. at 347, 100 S.Ct. at 1717, 64 L.Ed.2d at 346)

■ One of the cases footnoted is *Foxworth v. Wainwright*, 516 F.2d 1072, 1076–1077 (5th Cir. 1975),[5] supporting the proposition:

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." (446 U.S. at 348, 100 S.Ct. at 1718, 64 L.Ed.2d at 346–347)

Both Irvin and Martinez were very positive in their testimony, thus trial counsel was tendered an extremely difficult case to defend. Even a cursory reading of the record demonstrates that all of the active participants, including Irvin, Jones, Hurley, and Martinez, looked upon the illegal Mexican Nationals as chattels to be bought and sold at will. This fact was not calculated to incite sympathy for appellant.

We have examined the record as a whole and with particular reference to the few instances which are criticized by new counsel. Appellant had the benefit of competent counsel who afforded him truly professional representation throughout the trial. He has not discharged the burden imposed upon him by the new standards articulated in *Cuyler v. Sullivan*, supra, and adopted herein. We find no merit, factually or legally, in the contention now advanced.

4. "The first is whether a state trial judge must inquire into the propriety of multiple representation even though no party lodges an objection. The second is whether the mere possibility of a conflict of interest warrants [a] conclusion that the defendant was deprived of his right to counsel." (446 U.S. at 345, 100 S.Ct. at 1716, 64 L.Ed.2d at 344–345)

5. *Foxworth v. Wainwright* was cited on a different point in *Ex parte Alaniz*, 583 S.W.2d 380, 381, fn. 3 (Tex. Cr. App. 1979), wherein this Court sustained relator's claim of ineffective assistance by retained counsel because of a conflict of interest.

The judgment of the trial court is Affirmed.

Opinion approved by the panel.