**Ruben GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–01009–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 1986.

Cheryl E. Irvin, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Mike Shelby, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of assault and assessed punishment at 182 days in jail, probated.

Appellant asserts a single point of error. Essentially, he argues that the trial court erred when it did not "make an independent inquiry into whether a conflict of interest existed when the counsel for appellant at trial also represented his co-defendant," thereby depriving appellant of the effective assistance of counsel loyal only to him.

The main issue in this case is whether a trial court has a duty to inquire as to a possible conflict when a counsel represents more than one defendant in a case, even if there is no apparent conflict, and the possibility of conflict is not suggested.

The record reflects that the appellant was the manager of a self-service gas station in Houston that employed Ruben Espinosa, appellant's co-defendant, as a cashier. On April 17, 1985, Espinosa telephoned the appellant from the station and notified him that Espinosa was having difficulty obtaining payment from the complainant, Willie McDaniel, for $11.72 worth of gasoline. The evidence is contradictory, but it appears that the complainant's credit card was invalid. The complainant testified that he tendered a check for $11.72 but Espinosa and the appellant demanded $150. Espinosa and the appellant testified that McDaniel offered the check only in exchange for his credit card, and that it was station policy to retain invalid cards and not to accept checks.

The testimony regarding the events following the appellant's arrival at the station is conflicting. The complainant testified that he attempted to leave, but the appellant hit him with a fire extinguisher, and Espinosa struck him repeatedly with a baseball bat. The appellant and Espinosa testified that the complainant grabbed the appellant and threatened him with the fire extinguisher, and that Espinosa struck the

complainant with the bat while defending his supervisor, the appellant.

A deputy sheriff arrived at the station in response to a telephone call from the appellant, and found the complainant lying in a pool of blood, with his leg broken. The officer arrested the appellant and Espinosa.

Garza and Espinosa were jointly represented at trial by Frank Medina, but the appellant has retained Cheryl E. Irwin to handle the appeal of his conviction.

Appellant's multifarious point of error complains that he was deprived of his right to a fair trial because he and Espinosa were jointly represented by the same attorney. Appellant asserts that his interests conflicted with those of his co-defendant, so that his trial counsel inadequately represented him. Appellant argues (1) that the submission of the defensive theory of self-defense was inappropriate to his case because he never admitted striking the complainant; (2) that trial counsel failed to raise the defense that Garcia's action was an independent impulse for which appellant was not responsible; (3) that appellant was barred from testifying against his co-defendant in exchange for a dismissal of charges against appellant; (4) that trial counsel was barred from arguing for mercy for appellant but for severe punishment for Espinosa; (5) and generally that the trial court should have inquired of appellant whether his counsel had informed him of the risk of conflict.

Representation of multiple defendants by a single attorney violates the sixth amendment when it gives rise to a conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). An objection raised at trial to multiple representation requires the trial court to consider whether the alleged conflict actually exists, but when a defendant raises no objection at trial, he must demonstrate on appeal that an actual conflict existed and that it adversely affected his lawyer's performance. *Id.* *Cuyler* noted that when this two-pronged test is satisfied, the error resulting is never harmless, so the defendant need not demonstrate

prejudice in order to obtain relief. *Id.* at 349, 100 S.Ct. at 1718.

*Cuyler* and the Texas cases following it have emphasized that "the *possibility* of conflict is insufficient to impugn a criminal conviction." *Id.* at 350, 100 S.Ct. at 1719 (emphasis added); *see also Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App.1981). Accordingly, the Texas cases have turned on whether alleged conflict actually existed and, if it did, whether trial counsel's performance was adversely affected. The Court of Criminal Appeals has given no more explicit guidance than to say that a conflict exists when "one defendant stands to gain significantly by counsel adducing *probative* evidence or advancing *plausible* arguments that are damaging to the cause of a co-defendant whom counsel is also representing." *Ferguson v. State*, 639 S.W.2d 307, 310 (Tex.Crim.App.1982) (emphasis added).

Actual conflict has been found, for example, when an appellant's trial attorney developed testimony from a co-defendant that incriminated the appellant, who was not allowed to take the stand in his own defense. *Gonzales v. State*, 605 S.W.2d 278, 282–83 (Tex.Crim.App.1980). In *Ex parte McCormick*, 645 S.W.2d 801, 804 (Tex. Crim.App.1983), actual conflict was found in a capital murder case when trial counsel opposed a severance of the co-defendants' trials and thus prevented the appellant from exercising his right to confront his co-defendant as a witness.

We have found actual conflict to exist when co-defendants were allowed to give contradictory testimony. *Amaya v. State*, 677 S.W.2d 159, 161 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). In *Amaya*, we noted that reversible error exists in cases such as these when the appellant "demonstrates that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* at 164 (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984)).

On the other hand, conflict has been held to be merely "possible" rather than "actual" when both defendants gave corroborative testimony and otherwise presented a "united front" at trial. *Hurley v. State,* 606 S.W.2d 887, 890 (Tex.Crim.App.1980). In another case, when a co-defendant admitted committing an offense and did not shift blame to the appellants, no conflict was found. *Ferguson,* 639 S.W.2d at 310.

■ In the case before us, we deem any conflict that may have existed to be "possible" rather than "actual." Appellant's contention that the submission of a self-defense charge was inappropriate to his case because he never admitted striking the complainant is unfounded; the complainant testified that appellant struck him, raising that factual issue. Appellant's complaint that trial counsel did not submit the defensive issue that Espinosa's. action was an independent impulse does not identify an actual conflict because the appellant himself testified that he instructed Espinosa to grab the bat.

The appellant's arguments that he was barred from testifying against Espinosa or from negotiating a bargained plea as consideration for his testimony, and that his attorney failed to argue for a lesser punishment for appellant than Espinosa may have received, are closer questions; however, any conflict is clearly "possible" rather than "actual" when it is compared to the instances of actual conflict identified in *Amaya, McCormick,* and *Gonzales.* Our case more closely resembles the situation in *Hurley,* in that the appellant and Espinosa gave corroborative testimony. As the court noted in *Hurley,* a "common defense often gives strength against a common attack." 606 S.W.2d at 890. Nothing in the record indicates that such a trial strategy was ineffective in this case, or that counsel failed to adduce *probative* evidence, or to advance a *plausible* argument that might have benefitted appellant. *Ferguson,* 639 S.W.2d at 310.

■ Appellant argues that the trial court should have made an independent inquiry into whether a conflict of interest existed.

Such an inquiry may be necessary when trial counsel ignores the ethical obligation to advise the court when counsel is aware of a conflict of interest; however, "unless the trial court knows or should know that a particular conflict exists, the court need not initiate an inquiry." *Cuyler,* 446 U.S. at 347, 100 S.Ct. at 1717. The court held in *Cuyler* that absent "special circumstances," trial courts may assume that no conflict exists or that the lawyer and his clients knowingly accept the risk of conflict; in *Cuyler,* as in the present case, counsel's argument and trial strategy were both compatible with the interests of each client, and the Court held that no duty to inquire would be imposed upon the trial court. *Id.* at 346–48, 100 S.Ct. at 1717–18.

■ Appellant suggests that an evidentiary hearing should be ordered in the trial court to determine whether his attorney informed him of a possible conflict. *Gonzales v. State* held that an appeal based on conflict of interest should be abated so that the trial court could find whether co-defendants had been informed by their attorney of a conflict and consequently, whether they had waived their right to the effective assistance of separate counsel. 605 S.W.2d at 279. In the *Gonzales* case, the record revealed that one co-defendant's testimony incriminated the appellant, who was not presented by counsel to the jury. *Id.* at 283. In the present case, however, no actual conflict is apparent in the record, and abatement of the appeal would be improper.

Appellant cites a case decided by this Court that indicates abatement may be proper. Although the companion cases of *Guillory v. State,* 646 S.W.2d 467 (Tex. App.—Houston [1st Dist.] 1982, no pet.), and *Guillory v. State,* 638 S.W.2d 73 (Tex. App.—Houston [1st Dist.] 1982, no pet.), involved a *Gonzales*-type of abatement, the *Guillory* cases do not reflect whether an actual conflict appeared in the record. Because the *Guillory* cases are silent on the status of the record, they do not support the proposition that an appeal will be abated for an evidentiary hearing when the

record does not reveal evidence of an actual conflict.

Appellant's point of error is overruled, and the judgment is affirmed.