MARY'S OPINION HEADING 









                                                NO.
12-06-00249-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

LARRY MACK,         §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW

 

THE
STATE OF TEXAS,

APPELLEE   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Appellant Larry Mack filed a postconviction application
for writ of habeas corpus seeking relief from his misdemeanor conviction for
cruelty to an animal.  The County Court
at Law of Anderson County granted the writ but denied relief.  Appellant, in his first two issues, contends
that his conviction should be set aside because he was denied his right under
the United States Constitution and the Texas Constitution to effective
assistance of counsel at trial.  In
issues three and four, Appellant alternatively contends that he is entitled to
an out of time appeal because he did not receive effective assistance of
counsel on appeal.  We affirm.

 

Background

            On a routine meter reading visit to Appellant’s farm,
Heath Baldwin, an electric company employee, noticed a large group of cattle so
emaciated they could not stand.  Some
were already dead.  When he went to
Appellant’s house and informed him about the condition of the cattle, Appellant
told Baldwin that he was aware of the cattle’s condition and that they would not
last long.  Baldwin reported the matter
to the sheriff’s department.








            Appellant was charged by information with intentionally
or knowingly failing unreasonably to provide necessary food, care, or shelter
for a cow in his possession.  Appellant
employed an attorney on the Friday preceding the Monday when trial
commenced.  Appellant pleaded not
guilty.  A jury found Appellant guilty
and assessed his punishment at confinement for one year and a fine of four
thousand dollars.  This court affirmed
his conviction.

            On June 13, 2006, after completing his sentence,
Appellant filed his amended application for a writ of habeas corpus alleging he
was entitled to relief from his conviction because he received ineffective
assistance of counsel both at trial and on appeal.  The trial court granted the writ.  At the hearing, Appellant called two
attorneys who testified that after reviewing the record, together with an
Appeal Determination of the National Appeals Division of the United States
Department of Agriculture, it was their opinion that Appellant had not received
effective assistance of counsel.  Neither
Appellant nor his counsel at trial and on appeal testified at the habeas corpus
hearing.  The trial court denied relief.

 

Standards of Review

            A person convicted of a misdemeanor offense may attack
the validity of the conviction by habeas corpus if he is confined or restrained
as a result of a misdemeanor conviction, or is no longer confined, but still
subject to collateral legal consequences resulting from the conviction.  See Tex.
Code Crim. Proc. Ann. arts.11.09, 11.21, 11.22 (Vernon 2005); Ex
parte McCullough, 966 S.W.2d 529, 531-32 (Tex. Crim. App. 1998).  An applicant for a writ of habeas corpus
bears the burden of proving his allegations by a preponderance of the
evidence.  Ex parte Thomas,
906 S.W.2d 22, 24 (Tex. Crim. App. 1995). 

            In reviewing the trial court’s ruling, we view the facts
in the light most favorable to the trial court’s ruling and should uphold the
ruling absent an abuse of discretion.  Ex
parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003).  We defer to the trial court’s determination
of historical facts that are supported by the record, especially when the fact
findings are based on a determination of credibility.  Id.  We afford the same deference to the trial
court’s ruling on “application of the law to fact questions” that involve an
evaluation of  credibility.  Id.  If the resolution of those ultimate questions
depends upon an application of legal standards, we review those determinations
de novo.  Id.

            The standard for testing claims of ineffective assistance
of counsel is set out in Strickland v. Washington, 466 U.S. 668,
104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas constitutional
claims in Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim.
App. 1986).  To prevail on his claim of
ineffective assistance, an appellant must show that his attorney’s
representation fell below the standard of prevailing professional norms, and
that there is a reasonable probability that, but for the attorney’s deficiency,
the result of the trial would have been different.  Tong v. State, 25 S.W.3d 707,
712 (Tex. Crim. App. 2000).  A reasonable
probability is a probability sufficient to undermine confidence in the outcome.  Id.  The same test is applied in weighing claims
of ineffectiveness against both appointed and retained counsel.  Hurley v. State, 606 S.W.2d
887, 890 (Tex. Crim. App. [Panel Op.] 1980).

            Our review of counsel’s representation is highly
deferential; we indulge a strong presumption that counsel’s conduct falls
within a wide range of reasonable representation.  Strickland, 466 U.S. at 689,
104 S. Ct. at 2065; Tong, 25 S.W.3d at 712.  This court will not second guess through
hindsight the strategy of counsel at trial, nor will the fact that another
attorney might have pursued a different course support a finding of
ineffectiveness.  Blott v. State,
588 S.W.2d 588, 592 (Tex. Crim. App. 1979). 
That another attorney, including appellant’s counsel on appeal, might
have pursued a different course of action does not necessarily indicate
ineffective assistance.  Harner v.
State, 997 S.W.2d 695, 704 (Tex. App.–Texarkana 1999, no pet.).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

            In order to render reasonably effective assistance, an
attorney must have a firm command of the facts of the case and the governing
law.  Ex parte Welborn, 785
S.W.2d 391, 394 (Tex. Crim. App. 1990); Ex parte Lilly, 656
S.W.2d 490, 493 (Tex. Crim. App. 1983).  “It
may not be argued that a given course of conduct was within the realm of trial
strategy unless and until the trial attorney has conducted the necessary legal
and factual investigation which would enable him to make an informed rational
decision.”  Wellborn, 785
S.W.2d at 393 (citing Ex parte Duffy, 607 S.W.2d 507, 526 (Tex.
Crim. App. 1980)).

 

 

Discussion

            In his first and second issues, Appellant maintains that
he did not receive effective representation at trial from his retained counsel.

            Appellant complains that his trial attorney did not offer
into evidence an Appeal Determination from the Appeals Division of the U. S.
Department of Agriculture that he contends contained convincing proof of his
lack of culpability.  After Appellant’s
arrest for animal cruelty, the cattle that remained alive were seized and sold
under court order.  Appellant then
petitioned the Farm Service Agency, the lien holder, to release part of the
proceeds of the forced sale so that he could pay for legal representation and
for the disposal of the dead animals. 
The agency denied Appellant’s request and Appellant appealed the agency’s
decision.  The hearing officer concluded
that the denial was proper.  However,
among his several fact findings, the appeals hearing officer found that “[a]pproximately
300 head of cattle starved to death following the Agency’s inaction on the
Appellant’s (earlier) May 2000 request for permission to sell calves so that
funds could be obtained to buy feed.” 
Appellant argues that if it had been placed in evidence, the Appeal
Determination would have shown the jury that the cattle’s condition was due to
the lien holder’s inaction and occurred despite his attempts to obtain money to
feed them.  This, he argued, would have
had a direct bearing on the issue of his culpability, and his counsel’s failure
to introduce the document into evidence was tantamount to failure to present a
defense and hence ineffective assistance. 
One of the attorneys who testified that this omission constituted
ineffective assistance also testified that he had reviewed the record of the
trial and was unable to find any attempt to place the document in evidence.

            Appellant bases his claim of ineffective assistance at
trial on this sole omission by his counsel. 
It is a rare case wherein a single act or omission of counsel can
establish ineffective assistance. 
However, “it is possible that a single egregious error of omission or
commission by appellant’s counsel constitutes ineffective assistance.”  Thompson, 9 S.W.3d at 813.

            The document in question was never introduced into
evidence at the habeas corpus hearing. 
Appellant told the court at the hearing that he had not retained counsel
until the Friday before the Monday when the trial commenced.  Neither Appellant nor his trial counsel
testified at the hearing, so there is no evidence that Appellant’s attorney at
trial was even aware of the document’s existence or the proceedings that
produced it.  The record does not
affirmatively demonstrate the alleged ineffectiveness, and we cannot conclude
that counsel’s performance was so deficient as to violate Appellant’s right to
counsel under the constitution of the United States or Texas.  Appellant’s first and second issues are
overruled.

            In his third and fourth issues, Appellant contends his
appellate counsel did not provide constitutionally effective assistance.  At the habeas corpus hearing, an attorney
with extensive experience in the appeal of criminal cases testified that
appellate counsel’s brief raised seven issues but cited only five cases and
contained only conclusory statements and no argument on the issues raised.  Moreover, counsel improperly cited the codes
and rules, confusing the rules of evidence with the code of criminal procedure,
and citing a superseded harmless error rule. 
This court’s opinion reflects that Appellant’s brief entirely failed to
discuss the law as it related to the facts, cited to parts of the record not
related to the issues raised, and cited authority not bearing on the issue in
question.

            We have revisited the issues raised in the brief on
appeal by Appellant’s counsel.  Some
border on the frivolous.  None have
latent merit that might be improved by rigorous briefing by able appellate
counsel.  Appellant does not contend that
there were issues on appeal that his appellate counsel should have raised but
did not bring forward.  Therefore, even
if we assume counsel’s assistance on appeal was deficient, there remains no
showing that, but for counsel’s unprofessional errors, the result on appeal
would have been different.  See, e.g.,
Tong, 25 S.W.3d at 712. 
Appellant’s third and fourth issues are overruled.

 

Disposition

            The trial court’s judgment is affirmed.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

Opinion
delivered July 18, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

(DO NOT PUBLISH)