# NO. 12-07-00391-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID DEWAYNE FLOYD,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant, David Dewayne Floyd, of possession of less than one gram of cocaine and assessed his punishment at confinement for eighteen months in a state jail facility and a $1,500 fine. In two issues, Appellant complains that he received ineffective assistance of counsel because his trial counsel failed to request a jury charge instructing the jury not to consider evidence illegally obtained. We affirm.

## BACKGROUND

Longview Police Officer Debra Stiles stopped the car Appellant was driving because its license plate was not sufficiently illuminated so that it was visible from fifty feet, a traffic code violation.[1] Officer Stiles conducted a license check of Appellant's driver's license and discovered that it had been suspended. At this point, she placed Appellant under arrest, and during the subsequent search, she found what she thought was cocaine.

The evidence seized was analyzed at the Department of Public Safety laboratory and found to

---

[1] "A taillamp or a separate lamp shall be constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear." TEX. TRANSP. CODE ANN. § 547.322(f) (Vernon 1999).

contain 0.14 grams of cocaine.

The record suggests trial counsel's belief that a fact issue existed as to the legality of the stop. In his opening statement, he asked the jury to carefully watch the patrol car video to see if the license plate was lit. In his cross examination of Officer Stiles, he elicited her admission that the car had been recently inspected and the license plate light was working. Trial counsel requested no instruction under Texas Code of Criminal Procedure article 38.23(a) instructing the jury that if it believed, or had a reasonable doubt, that the evidence was obtained in violation of the constitution or laws of the United States or of Texas, then it should disregard any evidence so obtained.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Appellant maintains he received ineffective assistance of counsel, because his trial counsel failed to request a jury instruction that the jury should disregard evidence if they believed or had a reasonable doubt that the evidence was illegally obtained.

### Standard of Review

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). To prevail on his claim of ineffective assistance, an appellant must show that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The same test is applied in weighing claims of ineffectiveness against both appointed and retained counsel. *Hurley v. State*, 606 S.W.2d 887, 890 (Tex. Crim. App. [Panel Op.] 1980).

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. This court will not second guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). That another attorney, including the appellant's counsel on appeal, might have pursued a

2

different course of action does not necessarily indicate ineffective assistance. *Harner v. State*, 997 S.W.2d 695, 704 (Tex. App.–Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

**Applicable Law**

When a material fact issue is raised regarding the legality of the acquisition of evidence, the trial court, on request of the defendant, must include in its charge an instruction that, if the jury "believes, or has a reasonable doubt, that the evidence was obtained in violation of [any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America], then and in such event, the jury shall disregard any such evidence so obtained." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005); *Atkinson v. State*, 923 S.W.2d 21, 23 (Tex. Crim. App. 1996). The defendant is entitled to the submission of such a jury instruction under article 38.23(a) if

(1)     the evidence heard by the jury raises an issue of fact,

(2)     the evidence on that fact is affirmatively contested, and

(3)     that contested fact issue is material to the lawfulness of the challenged conduct employed in the acquisition of the evidence.

*Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). A cross examiner's questions do not create a fact issue, although the witnesses' answers to those questions might. *Id.* at 513. Defense counsel's suggestion that officers were on "a fishing expedition" did not "rise to the level of creating a fact issue" sufficient to require an article 38.23(a) jury instruction. *Garza v. State*, 126 S.W.3d 79, 86-87 (Tex. Crim. App. 2004). In *Garza*, the court held that "[m]ere insinuations by appellant's attorney that no inventory slip was made, in light of the testimony by each officer that such a slip did indeed exist, did not raise a fact issue as to the existence of the inventory slip." *Id.* at 87. The jury's right to disbelieve an officer's testimony does not create a factual dispute. *See Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd). In *Trent v. State*, 925 S.W.2d 130 (Tex. App.–Waco 1996, no pet.), the court rejected the appellant's contention that although "he did not present any controverting evidence on the legality of the arrest, . . . he sufficiently attacked the credibility of [the arresting officer] to require [a 38.23(a)] instruction. *Id.* at 133.

**Discussion**

Appellant insists that inconsistencies in Stiles's testimony when considered with the patrol car video created a fact issue regarding the validity of the stop that would have required the trial judge, if requested by Appellant's trial counsel, to include in the charge the instruction mandated by Texas Code of Criminal Procedure article 38.23(a). As the State points out, the video is inconclusive because the video starts within fifty feet of Appellant's vehicle, and the patrol car's lights are on and reflect off of Appellant's license plate. We do not believe that Officer Stiles's testimony was self-contradictory or so inconsistent that it created a fact issue regarding the legality of the stop. Officer Stiles first testified that she "saw a vehicle whose light on the license plate wasn't visible from fifty feet." Later, she stated "the light was glowing, it was just very dim, so you couldn't see the license plate." These statements are not contradictory. In the absence of other evidence affirmatively contesting Officer Stiles's testimony regarding the license plate light, there was no contested fact issue material to the lawfulness of Officer Stiles's conduct in stopping Appellant's car. Therefore, Appellant was not entitled to a jury instruction under Article 38.23.

Trial counsel's failure to request an instruction to which Appellant was not entitled cannot constitute ineffective representation. Appellant's first issue is overruled.

In his second issue, Appellant contends he suffered egregious harm because his trial counsel did not request a jury charge under Texas Code of Criminal Procedure article 38.23(a). We have addressed Appellant's contentions under this issue in our discussion and disposition of his first issue. Appellant did not suffer egregious harm because of his trial counsel's failure to request an instruction to which Appellant was not entitled. Appellant's second issue is overruled.

**DISPOSITION**

The judgment of the trial court is ***affirmed***.

  BILL BASS  
Justice

Opinion delivered July 23, 2008.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)

4