Michael L. ELLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–01218–CR.

Court of Appeals of Texas, Dallas.

July 24, 1984.

Melvyn C. Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and ROWE, JJ.

AKIN, Justice.

Michael L. Ellis appeals from a conviction for the offense of keeping a gambling place, in violation of TEX. PENAL CODE ANN. § 47.04 (Vernon Supp.1984). The offense occurred in December 1981. Punishment, determined by the court after a jury verdict of guilty, was assessed at five years' imprisonment, probated for ten years, and a fine of $2,000.00. We affirm the conviction because we hold that (1) appellant was not denied effective assistance of counsel by failure of his trial counsel to challenge the legality and fruits of a search for gambling paraphernalia; and (2) the indictment was not fundamentally defective.

In his first ground of error, appellant contends that he was denied his right to the effective assistance of counsel because his trial counsel failed to challenge the legality and fruits of a search for gambling paraphernalia, conducted pursuant to a search warrant. In his second ground of error, appellant contends that the affidavit for the search warrant, upon which the search warrant was based, is insufficient, and that the fruits of the search were improperly admitted into evidence.

■ At the outset, we overrule appellant's second ground of error because we may not consider the sufficiency of an affidavit upon which a search warrant is based when there has been no objection in the trial court. *Pizzalato v. State,* 513 S.W.2d 566 (Tex.Crim.App.1974). We are otherwise compelled, however, to address the sufficiency of the affidavit in order to determine whether appellant was denied reasonably effective assistance of counsel because his trial counsel failed to challenge the legality and fruits of a search conducted pursuant to it.

■ The affidavit for the search warrant and its "Attachment A" are based on what three informants told the affiant, John T. Williams, and not on the affiant's personal knowledge. Under the recent case of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the test used to determine whether probable cause exists to issue the search warrant, based on information furnished to the affiant by informants, is now the "totality of the circumstances" test, and not the "two-pronged"

test under *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

In determining the totality of the circumstances based on the affidavit for the search warrant and its attachment, numerous factors and circumstances are present here. First, both informant A and informant B were at Big World Foods, a drive-in convenience store within which appellant's gambling operation was located, on December 5, 1981. At about 3:00 p.m. on that date, informant A saw a football pot lottery and overheard a conversation between two males relative to the football pot. Informant B was present between 3:00 p.m. and 4:30 p.m. and observed several persons, known to him to be bettors, go in and out of the store. This information was furnished to the affiant on December 7, 1981. Second, informant B had observed gambling paraphernalia in the store. His observations of gambling activity at the store had been going on for the "past year," and he stated that this gambling operation had been going on for three years. Third, informant B furnished specific information, including the telephone number used for accepting bets, as follows: that some of the records of recorded betting information may be found inside a black zipper pouch kept in the front office where appellant normally confined himself; that appellant normally grosses between $6,000.00 to $10,000.00 per week; and that appellant retained ten to fifteen percent of the money received. Fourth, informant C had been arrested twice for conducting illegal gambling activities at Big World Foods and, although she might have had an ulterior motive in notifying the affiant that appellant was the leader of the gambling operation, she obviously had extensive personal knowledge of the gambling activity. Furthermore, informant C had been employed at Big World Foods during the past for two years. Fifth, informant A contacted the project director for the Greater Dallas Area Organized Crime Task Force, J.L. Oxford, on December 11, 1981, and advised Oxford that the gambling operation would be conducted during the weekend of December 12 and 13, 1981. Sixth, the affidavit stated a basis upon which the magistrate could believe that informant A was a credible and reliable informant. Seventh, as a matter of common knowledge, the magistrate would have known that during the weekend of December 12 and 13, 1981, professional football games were to be played. Finally, what the informants told the affiant were facts based on personal knowledge, not mere conclusions.

■ In *Illinois v. Gates*, 462 U.S. at ——, 103 S.Ct. at 2330, 76 L.Ed.2d 527, the Supreme Court reiterated that the standard of probable cause is only the probability, and not a prima facie showing, of criminal activity. Further, a magistrate's determination of probable cause should be paid great deference by reviewing courts, *Illinois v. Gates*, 103 S.Ct. at 2331, and the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 103 S.Ct. at 2332. And, where it is not easy to determine if the search warrant affidavit demonstrates the existence of probable cause, resolution of a doubtful marginal case should be largely determined by the preference to be accorded to search warrants. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Lopez v. State*, 535 S.W.2d 643 (Tex.Crim.App. 1976). Accordingly, we hold that, based on the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant.

Appellant makes several other attacks upon the sufficiency of the search warrant which we must address. In this respect, he contends that the information furnished to the affiant was "too stale" to merit consideration. With respect to the issue of "staleness," the following factors are relevant: (1) informant A, at approximately 3:00 p.m. on December 5, 1981, observed a football pot lottery and heard two males discuss the football pot; (2) informant A told this to affiant on December 7, 1981;

(3) informant B, between 3:00 p.m. and 4:30 p.m. on December 5, 1981, observed several persons known to him as bettors go in and out of the store; (4) this information was relayed to the affiant on December 7, 1981; (5) on December 11, 1981, informant A told the affiant that an illicit gambling operation would be conducted on December 12 and 13, 1981, a weekend; (6) informant C was employed at Big World Foods for two years until April 4, 1981. She continued to visit the store, however, and continued to make observations concerning illegal gambling activity. In addition, the search warrant affidavit is dated December 13, 1981, the same day that Big World Foods was searched pursuant to that warrant.

 Whether information an affiant receives is stale must be determined by the circumstances of each case, *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); 1 LAFAVE, SEARCH AND SEIZURE § 3.7(a) (1978), and probable cause "is not to be determined by merely counting the number of days between the time of the facts relied upon and the warrant's issuance." 1 LAFAVE, SEARCH AND SEIZURE § 3.7(a), quoting *United States v. Rahn*, 511 F.2d 290 (10th Cir. 1975). Rather, the likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch a clock. The variables include the following: (1) the character of the criminal activity under investigation; (2) the character of the criminal; (3) the character of the thing to be seized; (4) the character of the place to be searched. 1 LAFAVE, SEARCH AND SEIZURE § 3.7(a), quoting *Andresen v. State*, 24 Md.App. 128, 331 A.2d 78 (1975), aff'd sub nom. *Andresen v. Marland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). And, the most important variable is the character of the criminal activity under investigation. *United States v. Johnson*, 461 F.2d 285 (10th Cir.1972); 1 LAFAVE, SEARCH AND SEIZURE § 3.7(a). Further, where the affidavit properly recites facts indicating activity of a protracted and continuous nature or a course of conduct, the passage of time becomes less significant. 1 LAFAVE, SEARCH AND SEIZURE § 3.7(a).

 We hold that the information relied upon to establish probable cause had not grown "stale," because the magistrate, as a matter of common knowledge, knew that professional football games were to be played during the weekend of December 12 and 13, 1981; the gambling operation based on weekend football games was an activity of a protracted and continuous nature; the gambling paraphernalia to be seized was not perishable but was of enduring utility to appellant; and, the place to be searched was a secure operational base for the gambling activity.

 We now turn to whether the search warrant described the things to be seized with sufficiently particularity, as required by the Fourth Amendment. In this respect, the affidavit specifically described the gambling paraphernalia as line scratch sheets, betting slips, records indicative of recorded bets, football lottery pot records, parlay sheets, and other writings supporting bookmaking activities. The search warrant itself states that the peace officers are to search for the property described in the affidavit. Accordingly, we hold that the search warrant was sufficient to describe the items seized. *See United States v. Timpani*, 665 F.2d 1 (1st Cir.1981); *United States v. Auterbridge*, 375 F.Supp. 418 (S.D.N.Y.1974). Moreover, had the search warrant merely described the things to be seized as "instrumentalities of the commission of the crime of conducting an illegal gambling business," the warrant would have been sufficient in describing the things to be seized, 2 LAFAVE, SEARCH AND SEIZURE § 4.6(d) (1978), and the warrant here did not have to be restricted to "football pot lottery," as appellant contends.

 Appellant further argues that the scope of the search must necessarily have been restricted to the rear or back room of Big World Foods, because informant A mentioned only the rear or back room as containing gambling paraphernalia, and

whatever informants B and C told the affiant cannot be considered. Thus he contends that the search warrant is invalid because the warrant did not restrict the scope of the search to the rear or back room. We cannot agree. The search warrant authorized the place to be searched which was "described in the affidavit," and the affidavit described the place to be searched as Big World Foods, a one story drive-in convenience store located at 3807 East Kiest Boulevard between the intersection of Kiest and Cedar Boulevards. Because the magistrate must consider the totality of the circumstances in assessing probable cause, *Illinois v. Gates,* the information which informants B and C gave the affiant may not be disregarded. Because the affidavit of the affiant, which was based on what all three informants had told him, did not restrict the place needing to be searched to only the rear or back room of Big World Foods, and because what informants B and C had told the affiant is not to be disregarded by the magistrate but rather is part of the totality of the circumstances, we hold that the search warrant need not have restricted the scope of the search to the rear or back room of Big World Foods.

The United States Supreme Court has recently held, in *Strickland v. Washington,* ―― U.S. ――, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that in order to show reversible prejudice due to ineffective assistance of counsel, the defendant must show that, in light of all the circumstances, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 104 S.Ct. at 2068. Since we have held that the search warrant was proper, it follows that any objection by appellant's trial counsel would have been futile and without beneficial effect on the outcome of the proceeding. Consequently, we hold that appellant did not receive ineffective assistance of counsel at trial because of counsel's failure to challenge the legality of the warrant and the fruits of the search, which was gambling paraphernalia.

In his final ground of error, appellant contends that the trial judge erred in failing to grant appellant's motion in arrest of judgment because the indictment fails to state an offense. In this respect, appellant argues that the indictment fails to state an offense because the particulars are not alleged, such as (1) how the bets were recorded; (2) who recorded the bets; (3) who the parties to the "bets" were; (4) what the agreements were that constituted the bets; and (5) the "something of value" involved in each bet. TEX. PENAL CODE ANN. § 47.04 provides in part:

> (a) A person commits an offense if he knowingly uses or permits another to use as a gambling place any real estate, building, room, tent, vehicle, boat, or other property whatsoever owned by him or under his control, or rents or lets any such property with a view or expectation that it be so used.

The indictment alleged that appellant did, in pertinent part:

> knowingly use a building under his control, namely, a building located at 3807 East Kiest Boulevard, Dallas, Texas, as a gambling place, said building being used to record bets on the results of professional football games.

Since there was no pre-trial motion to quash the indictment, reversal is mandated only if the indictment is so defective as to state no offense at all. *Franklin v. State,* 607 S.W.2d 574 (Tex.Crim.App. 1980). Furthermore, a defect in the indictment with respect to the requirement that the State's pleading allege facts sufficient to bar a subsequent prosecution for the same offense and as to sufficient notice to the accused of that with which he is charged, does not render an indictment or information void. *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Crim. App.1974). Moreover, the failure of the indictment to allege the manner and means used does not constitute a failure to allege an element of the offense. *Eanes v. State,*

546 S.W.2d 312 (Tex.Crim.App.1977). Accordingly, we hold that the indictment effectively tracks the statute, that no essential elements have been omitted, and that the five particulars appellant complains of merely go to the manner and means as to how the building was used as a gambling place. Error, if any, goes to form rather than substance, and a defect of form does not render an indictment fundamentally defective. *Peralez v. State*, 630 S.W.2d 330 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

Affirmed.