Michael L. ELLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–01218–CR.

Court of Appeals of Texas,
Dallas.

Dec. 9, 1986.

Melvin Bruder, Dallas, for appellant.

Constance Maher, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and McCLUNG, JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

AKIN, Justice.

Michael L. Ellis appeals from a conviction for the offense of keeping a gambling place in violation of Section 47.04 of the Penal Code. The trial court assessed punishment at five years' imprisonment, probated for ten years, and a fine of $2,000.00. On appeal, we affirmed the judgment of the trial court, holding that: (1) appellant was not denied effective assistance of counsel by the failure of his trial counsel to challenge the legality of a search for gambling paraphernalia and the admissibility of the fruits thereof; and (2) the indictment was not fundamentally defective. *Ellis v. State*, 677 S.W.2d 129 (Tex.App.—Dallas 1984). The appellant filed a petition for discretionary review which was granted and our judgment was reversed and this cause remanded to us for consideration of additional issues. *Ellis v. State*, No. 923–84 (February 19, 1986) per curiam (unpublished).

The Court of Criminal Appeals determined that our decision with respect to the legality of the search was based solely on federal constitutional grounds and did not reach a consideration of state law. Thus, that court reversed our judgment and remanded the cause to us to address the validity of the search warrant under the Texas Constitution and statutes. We have since reviewed the matter and hold that our initial opinion affirming the validity of the warrant is correct under both federal and state law.

In his first point of error, appellant contends that he was denied his right to the effective assistance of counsel because his trial counsel failed to challenge the admissibility of physical evidence obtained during a search for gambling paraphernalia, conducted pursuant to a search warrant. In his second point of error, appellant contends that the affidavit upon which the search warrant is based is insufficient to establish probable cause, and therefore that the fruits of the search were improperly admitted into evidence.

■ We overrule appellant's second point of error because we may not consider the sufficiency of an affidavit on which a search warrant is based when there has been no objection in the trial court. *Rogers v. State*, 640 S.W.2d 248, 265 (Tex.Crim. App.1981); *Pizzalato v. State*, 513 S.W.2d 566 (Tex.Crim.App.1974). We are otherwise compelled, however, to address the sufficiency of the affidavit in order to determine whether appellant was denied effective assistance of counsel by his trial counsel's failure to challenge the legality of the affidavit and the admissibility of fruits of a search conducted pursuant to it.

By the provisions of the Texas Constitution, as well as the statutory law of this state, a search warrant may not issue unless it is predicated or based upon probable cause. *See* article 1, section 9, Texas Constitution; TEX.CODE CRIM.PROC.ANN. art. 18.01(b) (Vernon Supp.1986); TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979) (no evidence obtained by an officer or other person in violation of the Constitution and laws of the State of Texas shall be admitted into evidence against the accused in a criminal trial). We will address the constitutional and statutory considerations independently.

Like the fourth amendment to the Federal Constitution, the Texas Constitution guarantees that "the people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." TEX. CONST. art. I, § 9. In interpreting the fourth amendment, the Supreme Court has held that an affidavit is sufficient in establishing probable cause if, from the totality of the circumstances reflected in the affidavit, a reviewing court can determine that the magistrate was provided with a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

■ The issue before us on remand is whether the Texas Constitution's probable cause standard establishes a higher threshold for the issuance of search warrants than that required by the fourth amendment. We hold that it does not. The language of article 1, section 9 of the Texas Constitution is substantially the same as that used in the fourth amendment of the United States Constitution. Accordingly, the same rationale underlying the opinions construing the Federal Constitution applies with equal force to the Texas Constitution. Because of the identical language of the constitutional provisions, in no way can article 1, section 9 be independently read to establish a greater probable cause standard than that provided by *Illinois v. Gates*. (*See Hernandez v. State*, No. 1009–83, p. 3 (Tex.Crim.App. September 17, 1986) (not yet published), where the Court of Criminal Appeals held the United States and Texas Constitutional standards to be the same in determining ineffective assistance of counsel.)

In *Brown v. State,* 657 S.W.2d 797, 799 (Tex.Crim.App.1983), Judge McCormick, writing for a plurality, observed that the Court of Criminal Appeals "has opted to interpret [the state] constitution in harmony with the Supreme Court's opinions interpreting the Fourth Amendment." Since the remand of the instant cause, a majority of that court adopted the view of the *Brown* plurality and held valid the search of an automobile passenger compartment in reliance upon the decisions of the Supreme Court interpreting the fourth amendment. *Osban v. State,* no. 368–83 (Tex.Crim.App., September 17, 1986) (not yet reported). Further, the Court of Criminal Appeals has applied the "totality of the circumstances" analysis in determining the validity of a search warrant for probable cause under the Texas Constitution, and the appellate courts have followed the direction of the Court in this application. *See Hennessy v. State,* 660 S.W.2d 87 (Tex.Crim.App.1983); *Correll v. State,* 696 S.W.2d 297 (Tex.App.—Fort Worth 1985, no pet.); *Andrada v. State,* 695 S.W.2d 230 (Tex.App.—Corpus Christi 1985, no pet.); *Garcia v. State,* 676 S.W.2d 202 (Tex.App.—Corpus Christi 1984, pet. ref'd). Of particular relevance is *Elliot v. State,* 681 S.W.2d 98 (Tex.App.—Houston [14th Dist.] 1984), *aff'd,* 687 S.W.2d 359 (Tex.Crim.App.1985), where the Houston Court of Appeals held that a search warrant affidavit for "gambling paraphernalia" was sufficient to establish probable cause based on the totality of the circumstances analysis applied under *both* the Texas Constitution, article 1, section 9 and the Texas Code of Criminal Procedure article 18.01. The Court of Criminal Appeals affirmed the Houston court's holding in *Elliot v. State,* 687 S.W.2d 359 (Tex.Crim. App.1985), further revealing its adoption of the totality of the circumstances analysis for probable cause in interpreting article 1, section 9 of the Texas Constitution. We are not aware of any Texas Court of Criminal Appeals cases expressly applying the "totality of the circumstances" standard of review to review an affidavit for probable cause under the Texas Constitution. However, by implication, this standard has been applied by the cases set out above. Accordingly, we hold that such an application is correct. As set forth in our initial opinion, *Ellis v. State,* 677 S.W.2d 129 (Tex. App.—Dallas 1984), the search warrant in question is valid under the totality of the circumstances analysis for probable cause. Because we hold that the standard of review is the same under both the Federal and Texas Constitutions, it follows that the warrant does not violate section 9 of article 1 of the Texas Constitution.

 Next, we turn to the issue of whether the warrant is valid under the requirements of article 18.01 of the Texas Code of Criminal Procedure and the statutory interpretation thereof. TEX.CODE CRIM.PROC.ANN. art. 18.01(b), (c) (Vernon Supp.1986) states:

> (b) No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.
>
> (c) A search warrant may not be issued pursuant to ... unless the sworn affidavit required by Subsection (b) of this article sets forth sufficient facts to establish probable cause: (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

In order for an affidavit for a search warrant to show probable cause, it must set forth sufficient circumstances to enable a magistrate to judge independently the validity of the affiant's belief that contraband is at the place to be searched. *Toletino v. State,* 638 S.W.2d 499, 501 (Tex.Crim.App.

1982). No magical formula exists for stating such information. *Frazier v. State,* 480 S.W.2d 375, 379 (Tex.Crim.App.1972). Independent corroboration on the part of affiants or informants may be used to supply deficiencies in either of the requirements for establishing reliability of informants for purposes of an affidavit for the issuance of a search warrant. *Doescher v. State,* 578 S.W.2d 385 (Tex.Crim.App.1978). To properly ascertain whether a search warrant is based on probable cause, the affidavit should be interpreted in a common-sense, realistic manner and the magistrate is entitled to draw reasonable inferences from facts contained therein. *Winkles v. State,* 634 S.W.2d 289 at 298; *see also Gish v. State,* 606 S.W.2d 883 (Tex.Crim.App.1980). Courts must interpret the affidavits in the same manner. *Lopez v. State,* 535 S.W.2d 643 (Tex.Crim.App.1976).

█ Applying the law to the facts before us, the affidavit for the search warrant and its "Attachment A" are based on what three informants told the affiant, officer John T. Williams, and not on the affiant's personal knowledge. First, both informant A and informant B were at Big World Foods, a drive-in convenience store within which appellant's gambling operation was located, on December 5, 1981. At about 3:00 p.m. on that date, informant A saw a football pot lottery and overheard a conversation between two men relative to the football pot. Informant B was present between 3:00 p.m. and 4:30 p.m. and observed several persons, known to him to be bettors, go in and out of the store. This information was furnished to the affiant on December 7, 1981. Second, informant B had observed gambling paraphernalia in the store. His observations of gambling activity at the store had been going on for the "past year," and he stated that this gambling operation had been going on for three years. Third, informant B furnished specific information, including the telephone number used for accepting bets, as follows: that some of the records of recorded betting information may be found inside a black zipper pouch kept in the front office where appellant normally confined himself; that appellant normally grosses $6,000.00 to $10,000.00 per week; and that appellant retained ten to fifteen percent of the money received. Fourth, informant C had been arrested twice for conducting illegal gambling activities at Big World Foods and, although she might have had an ulterior motive in notifying the affiant that appellant was the leader of the gambling operation, she obviously had extensive personal knowledge of the gambling activity. Furthermore, informant C had been employed at Big World Foods during the past for two years. Fifth, informant A contacted the project director for the Greater Dallas Area Organized Crime Task Force, J.T. Oxford, on December 11, 1981, and advised Oxford that the gambling operation would be conducted during the weekend of December 12 and 13, 1981. Sixth, the affidavit stated a basis upon which the magistrate could believe that informant A was a credible and reliable informant. The affiant was also able to corroborate the informants' information with independent information received from other sources including other police officers. Seventh, as a matter of common knowledge, the magistrate would have known that during the weekend of December 12 and 13, 1981, professional football games were to be played. Finally, what the informants told the affiant were facts based on personal knowledge, not mere conclusions. These facts, as set out in the affidavit, constitute sufficient probable cause to support a valid search warrant under Texas law.

█ Appellant makes several other attacks upon the sufficiency of the search warrant which we must address. In this respect, he contends that the information furnished to the affiant was "too stale" to merit consideration. The amount of delay that will make information stale for search warrant purposes depends upon the particular facts of a case, including the nature of criminal activity and the type of evidence sought. Mechanical count of days is of little assistance in this determination, but, rather, common sense and reasonableness

must prevail, with considerable deference to be given to the magistrate's judgment based on the facts before him, absent arbitrariness. *United States v. Freeman*, 685 F.2d 942 (5th Cir.1982). With respect to the issue of "staleness," the following facts are relevant: (1) informant A, at approximately 3:00 p.m. on December 5, 1981, observed a football pot lottery and heard two males discuss the football pot; (2) informant A told this to affiant on December 7, 1981; (3) informant B, between 3:00 p.m. and 4:30 p.m. on December 5, 1981, observed several persons known to him as bettors go in and out of the store; (4) this information was relayed to the affiant on December 7, 1981; (5) on December 11, 1981, informant A told the affiant that an illicit gambling operating would be conducted on December 12 and 13, 1981, a weekend; (6) informant C was employed at Big World Foods for two years until April 4, 1981. She continued to visit the store, however, and continued to make observations concerning illegal gambling activity. In addition, the search-warrant affidavit is dated December 13, 1981, the same day that Big World Foods was searched pursuant to that warrant. We hold that the information relied upon to establish probable cause had not grown "stale," because the magistrate, as a matter of common knowledge, knew that professional football games were to be played during the weekend of December 12 and 13, 1981; the gambling operation based on weekend football games was an activity of a protracted and continuous nature; the gambling paraphernalia to be seized was not perishable, but was of enduring utility to appellant; and, the place to be searched was a secure operational base for the gambling activity.

■ We now turn to whether the search warrant described the things to be seized with sufficient particularity, as required by section 9 of article 1 of the Texas Constitution. The requirements for a sufficiently particular description can vary according to the thing being described. *Walthall v. State*, 594 S.W.2d 74, 78 (Tex. Crim.App.1980). Further, in a search for property of a specified character which by reason of its character is illegal, a specific description is unnecessary and ordinarily impossible. *Gonzales v. State*, 577 S.W.2d 226, 229 (Tex.Crim.App.1979). In this case, the affidavit specifically described the gambling paraphernalia as line scratch sheets, betting slips, records indicative of recorded bets, football lottery pot records, parlay sheets, and other writings supporting bookmaking activities. The search warrant itself states that the peace officers are to search for the property described in the affidavit. Our holding is supported by *Trevino v. State*, 380 S.W.2d 118, 119 (Tex. Crim.App.1980), in which case the Court of Criminal Appeals held that an affidavit describing property alleged to have been stolen as "watch, stock certificates, television set, 4 suits, 2 electric blankets, 5 blankets and several throw rugs, electric clippers of the value of $300.00" was sufficient for purpose of search warrant as failing to describe the property alleged to have been stolen with sufficient particularity to identify it, since a general description of the property searched for is all that is required under the Texas Constitution. *See also Parrack v. State*, 154 Tex.Cr.R. 532, 228 S.W.2d 859 (1950). Accordingly, we hold that the search warrant was sufficient to describe the items seized.

■ Appellant further argues that the scope of the search must necessarily have been restricted to the rear or back room of Big World Foods, because informant A mentioned only the rear or back room as containing gambling paraphernalia, and whatever informants B and C told the affiant cannot be considered. Thus, he contends that the search warrant is invalid because the warrant did not restrict the scope of the search to the rear or back room. We cannot agree. The search warrant authorized the place to be searched which was "described in the affidavit" and the affidavit described the place to be searched as Big World Foods, a one-story drive-in convenience store located at 3807 East Kiest Boulevard between the intersection of Kiest and Cedar Boulevards. The affidavit of the affiant, which was based on

what all three informants had told him, did not restrict the place needing to be searched only to the rear or back room of Big World Foods. The description in a probable cause affidavit controls the description in the search warrant. *Madrid v. State*, 595 S.W.2d 106 (Tex.Crim.App.1979); *Riojas v. State*, 530 S.W.2d 298 (Tex.Crim. App.1975). Accordingly, we hold that the search warrant need not have restricted the scope of the search to the rear or back room of Big World Foods.

Since we have held that the search warrant was proper under Texas law, it follows that any objection by appellant's trial counsel would have been futile and without beneficial effect on the outcome of the proceeding. Consequently, we hold that appellant did not receive ineffective assistance of counsel at trial because of his counsel's failure to challenge the legality of the warrant and the admissibility of the fruits of the search.

▆▆▆ After remand, appellant filed an additional supplemental brief asserting one point of error, which we must address pursuant to *Garrett v. State*, No. 642–83 (Tex.Crim.App., June 11, 1986), motion for rehearing pending) (not yet reported). Appellant argues that section 47.04(a) of the Texas Penal Code is unconstitutional as applied to the facts of his case because it violates his due process rights under the fourteenth amendment. Generally, appellate courts will not consider any error which counsel for the accused could have called, but did not call, to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court. This rule applies to constitutional questions concerning due process violations. *Rogers v. State*, 640 S.W.2d 248, 264 (Tex.Crim. App.1982). Further, the constitutionality of a statute may not be raised on appeal unless the issue was first raised in the trial court. *Casares v. State*, 712 S.W.2d 818, 821 (Tex. App.—Houston [1st Dist.] 1986, no pet.); *Chaires v. State*, 704 S.W.2d 397, 398–399 (Tex.App.—Corpus Christi 1985, no pet.); *James v. State*, 635 S.W.2d 653, 655–656 (Tex.App.—Fort Worth 1982, no pet.).

Since the appellant failed to raise the issue of the constitutionality of section 47.04 in the trial court, he waived any consideration of the issue on appeal. Consequently, appellant's point of error is overruled.

Affirmed.