NO. 12-02-00129-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


KENNETH R. WILLIAMS,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOUSTON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant was charged with the offense of possession of a controlled substance, cocaine, in
the amount of four grams or more but less than 200 grams. After the denial of his motion to suppress
evidence seized in the search of his residence, Appellant, pursuant to a plea agreement, entered a plea
of guilty and signed a written judicial confession and stipulation of evidence. The trial court found
Appellant guilty and assessed his punishment at confinement for five years, with credit for 1,095
days served. The punishment assessed was that agreed upon by Appellant and the State. Appellant,
pro se, raises six issues on appeal. We affirm.


Background


 Following a rash of burglaries in Houston County, local officers arrested several of the
burglars. Two of the suspects told the police that it was customary for thieves to trade stolen goods
for crack cocaine at Appellant's residence and office at 313 West Hall Street in Crockett. The
informants had visited the house on several occasions during the past three months, and were, they
claimed, thoroughly familiar with the scheme. The officers obtained and executed a search warrant
for Appellant's home where they discovered crack cocaine as well as many stolen items. Appellant 
was arrested and charged with possession of crack cocaine.

 Immediately prior to trial, the trial court heard and denied Appellant's motion to suppress. 
After jury selection, but before the presentation of evidence, Appellant, pursuant to a plea agreement,
changed his plea to guilty and waived jury trial. The trial court found Appellant guilty and assessed
his punishment at that recommended by the prosecutor and agreed to by Appellant.

 Appellant filed a notice of appeal alleging, inter alia, that his plea of guilty was involuntary,
because it was induced by the ineffectiveness and coercion of his counsel, and by the error of the trial
court in denying his motion to suppress. Appellant, in his notice, stated that the subject matter of
his appeal had been raised by written motion prior to trial.

 Appellant's appeal is governed by Texas Rule of Appellate Procedure 25.2(b)(3) which
restricts the plea bargaining defendant's right of appeal. The rule reads as follows:


 (3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere
under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice must:


 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written motion and ruled on before 
trial; or 


 (C) state that the trial court granted permission to appeal. 


Tex. R. App. P. 25.2(b)(3).

 Appellant alleges no jurisdictional defect nor does he claim that the trial court granted him
permission to appeal. Although Appellant specifies in his notice of appeal that the substance of his
appeal was raised by written motion, he does not state that the motion or motions were ruled on
before trial. Although he apparently alleges in his motion for new trial that he raised all of his
complaints by written motion before trial, the trial court ruled on only Appellant's motion to
suppress before Appellant's trial. While Appellant's pro se notice of appeal does not strictly
conform to mandatory extra-notice requirements of Rule 25.2(b)(3), the notice sufficiently satisfies
the rule to invoke the jurisdiction of this court. 



Voluntariness of Plea


 In his first issue presented, Appellant contends that his plea of guilty was involuntary. Under
the predecessor of Rule 25.2(b), Rule 40(b)(1) of the 1986 Rules of Appellate Procedure, the court
of criminal appeals held that the Rule did not foreclose an appellant's challenge of the voluntariness
of his plea. Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996). But in the relatively
recent case of Cooper v. State, 45 S.W.3d 77, 87 (Tex. Crim. App. 2001), that court held that in a
plea-bargained, felony case, Rule 25.2(b)(3) does not permit the voluntariness of the plea to be raised
on appeal. Id. at 87. Appellant's first issue is overruled. 


Sufficiency of the Affidavit


 In his second issue, Appellant maintains that the trial court erred in denying his motion to
suppress. Appellant attacks the sufficiency of the affidavit supporting the issuance of the search
warrant. He contends (1) that the affidavit does not show the basis of the two confidential
informants' knowledge, and (2) that the affidavit states no facts to support a determination that the
unnamed informants were credible and their information reliable.

 A review of the sufficiency of a search warrant affidavit's statement of probable cause is
limited to the four corners of the affidavit. Jones v. State, 568 S.W.2d 847, 855 (Tex. Crim. App.
1978). The supporting affidavit must provide adequate information to enable the judicial officer
issuing the search or arrest warrant to independently assess probable cause. Green v. State, 615
S.W.2d 700, 706 (Tex. Crim. App. 1980). The supporting affidavit should be interpreted in a
common sense, realistic manner, and the magistrate is entitled to draw reasonable inferences from
the asserted facts. Rumsey v. State, 675 S.W.2d 517, 521 (Tex. Crim. App. 1984). In Illinois v.
Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), the Supreme Court adopted the
totality of the circumstances analysis in making probable cause determinations. See id. at 238, 103
S. Ct. at 2332. Texas has also adopted the totality of the circumstances test. See Eisenhauer v.
State, 754 S.W.2d 159, 164 (Tex. Crim. App. 1988), overruled on other grounds, Heitman v. State,
815 S.W.2d 681 (Tex. Crim. App. 1991).

 In Gates, the Supreme Court explained the duty of courts reviewing probable cause
determinations as follows:

 The task of the issuing magistrate is simply to make a practical, common-sense decision whether,
given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis
of knowledge" of persons supplying hearsay information, there is a fair probability that contraband
or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply
to ensure that the magistrate had a "substantial basis for...conclud[ing]" that probable cause existed.


Gates, 462 U.S. at 238-39, 103 S. Ct. at 2332. The magistrate's determination of probable cause
should be given great deference by reviewing courts. Id. at 236, 103 S. Ct. at 2331. Marginal cases
should be determined by the preference given to warrants. Massachusetts v. Upton, 466 U.S. 727,
734, 104 S. Ct. 2085, 2088, 80 L. Ed. 2d 721 (1984).

 Although the basis of knowledge and the credibility of informants are highly relevant factors
in determining whether a substantial basis exists for the magistrate's determination of probable
cause, "a deficiency in one may be compensated for, in determining the overall reliability of the tip,
by a strong showing as to the other, or by some other indicia of reliability." Gates, 462 U.S. at 233,
103 S. Ct. at 2329. Independent corroboration by the affiant or by other informants may help
establish the credibility of the informant and the reliability of the information. See Ellis v. State, 722
S.W.2d 192, 196 (Tex. App.-Dallas 1986, no pet.).

 In Lockett v. State, 879 S.W.2d 184 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd), the
Houston court considered a similar challenge to a supporting affidavit. The informant was unnamed,
and the affidavit did not state that the informant was credible. See id. at 188. The court held the
affidavit was sufficient, reasoning as follows:


 It is true that the affidavit...did not expressly address the credibility or reliability of his confidential
sources of information. However, the basis of knowledge of the informants was personal observation,
an inherently reliable method of data collection. Moreover, the credibility and reliability of a
confidential informant may be bolstered by corroboration with independent police work or by cross-corroboration with other informants.


Id. at 188.

 Although Appellant complains that the affidavit fails to recite how the confidential
informants obtained their information, and that the information provided was too vague, our reading
of the affidavit leads us to the opposite conclusion. The affidavit states that the two confidential
informants had on numerous occasions during the past three months been inside the residence, the
last such occasion being within the week before the making of the affidavit. They described in detail
a scheme to trade stolen property for crack cocaine. The affiant, Deputy Franks, stated that they
described items within the house that he personally knew had been reported as stolen. 

 In the instant case, the affidavit did not expressly address the credibility of the informants. 
Their information, however, was based on personal observation over a three-month period. They
described in detail how the stolen goods were traded for crack cocaine. Most significantly, the
officer making the affidavit could corroborate that several of the items seen by the informants in the
house had been reported as stolen from local churches. The affidavit sufficiently demonstrates the
credibility of the informants and the reliability of their information. Considering the totality of the
circumstances set out in the supporting affidavit, we conclude the magistrate issuing the warrant had
a substantial basis for deciding that probable cause existed. The trial court did not err in overruling
Appellant's motion to suppress. Appellant's second issue is overruled.

 In his third issue, Appellant claims that the district attorney knowingly secreted witnesses that
would have testified to Appellant's innocence. By his fourth issue presented, Appellant contends
his counsel was ineffective. In the fifth issue raised, he asserts the evidence is both legally and
factually insufficient to support his conviction. In his final issue, Appellant charges that his
"[i]ndictment was rubber stamped" by the district attorney. Appellant raised none of these issues
presented by his third, fourth, fifth and sixth issues by written motion prior to trial. In his notice of
appeal, Appellant alleged no jurisdictional basis for his appeal. Appellant lacked the trial court's
permission to appeal. Therefore, Appellant's plea of guilty foreclosed his right to raise these issues
on appeal. See Tex. R. App. P. 25.2(b)(3).

 The judgment of the trial court is affirmed.



 BILL BASS 

 Justice


Opinion delivered April 2, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment. 




(DO NOT PUBLISH)