NO. 07-06-0258-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2008
_____

JOHNNIE L. FOSTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410483; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Johnny Lee Foster appeals from his conviction of the offense of possession of cocaine and his resulting sentence for a term of seventeen years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Background

Appellant was charged by indictment with knowingly and intentionally possessing a controlled substance, namely cocaine, in an amount less than one gram.[1] The indictment also contained enhancement paragraphs, setting forth appellant's two previous felony convictions.

Among the pretrial motions appellant's trial counsel filed was a motion to suppress evidence of the controlled substance seized at the time of his arrest. Appellant later informed the court of his intention to enter an open plea of guilty before the jury, and he plead guilty as charged in the indictment and entered pleas of "true" to each of the two enhancement paragraphs. The matter then proceeded to the jury for purposes of assessing punishment.

As evidence bearing on punishment, the State presented the testimony of the arresting Lubbock police officers. Testimony showed that two officers were on bike patrol, conducting surveillance of a house suspected to be the site of illegal drug distribution. While watching the house, the officers saw the car driven by appellant parked in front of the house. Officer Chavez testified the car was parked illegally, too far from the curb. Appellant got out of the car, went to the house and returned a minute or two later. The officers then approached appellant and his passenger. Appellant's inability to produce a

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). This is a second degree felony punishable by confinement for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

driver's license led to further detention and a pat-down. During the pat-down, one officer noticed an odor of marijuana on appellant's person and found marijuana in his clothes. Appellant was placed under arrest. Just before transport to the police station, another officer conducted a second pat-down and found the cocaine in appellant's left front pocket, leading to the instant prosecution. The jury assessed the punishment we have noted.

Presenting one issue, appellant contends he received ineffective assistance of counsel at trial. He specifically complains that his trial counsel rendered ineffective assistance by failing to obtain a ruling or request a hearing on the motion to suppress, in which he challenged the legality of the detention and search that led to the discovery of the cocaine.

Analysis

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) set forth the two-pronged test that must be satisfied to prove an ineffective assistance of counsel claim. Under the first part of the *Strickland* test, an appellant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687; *Young v. State,* 991 S.W.2d 835, 837 (Tex. Crim.App. 1999). This part of the test carries "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Ahmadi v. State,* 864 S.W.2d 776, 782 (Tex.App.–Fort Worth 1993, pet. ref'd), *citing Kimmelman v. Morrison,* 477 U.S. 365,

3

381 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Thus, a record that is silent as to counsel's strategy generally is not sufficiently developed to enable appellant to overcome the presumption of effective assistance of counsel. *See Rylander v. State,* 101 S.W.3d 107 (Tex.Crim.App. 2003) (stating, "[w]e have previously stated that the record on direct appeal will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record"). The appellant must overcome this presumption by a preponderance of the evidence. *Id.*; *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App. 1984).

Under the second part of the *Strickland* test, the appellant must show that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. This requires showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In other words, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id. See also Young,* 991 S.W.2d at 837.

In applying this test, an appellate court should not try to second guess trial counsel's tactical decisions that do not fall below the threshold of the objective standard of reasonableness. *Young,* 991 S.W.2d at 837, *citing Solis v. State,* 792 S.W.2d 95, 100 (Tex.Crim.App. 1990). An individual has a right to effective, not errorless, representation. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In determining whether counsel's assistance is effective, the court must look at counsel's representation of the

4

defendant as a whole, and not merely at isolated errors. *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App. 1993); *Cannon,* 668 S.W.2d at 403. An allegation of ineffective assistance must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Appellant argues his trial counsel could have had no reasonable trial strategy justifying his failure to pursue the motion to suppress to a ruling. He points out his was an open plea of guilty, with no plea bargain, and no reason appears for not presenting the suppression issue to the court. Appellant further argues that, based on the punishment testimony, the court would have been constrained to grant the motion, preventing his conviction. Appellant cites *Andrews* and other cases in which courts have found an error of counsel so serious that no trial strategy could have countenanced it. *See Andrews v. State,* 159 S.W.3d 98 (Tex.Crim.App. 2005); *Butler v. State,* 719 S.W.2d 48 (Tex.Crim.App. 1986).

Appellant's contention must fail. The record before us does not explain why no hearing was held on the motion to suppress.[2] Recall that allegations of ineffective assistance of counsel must be firmly founded in the record. *Thompson,* 9 S.W.3d at 813. Nothing in the record shows that appellant's trial counsel bears responsibility for the decision not to pursue the effort to suppress the evidence. Even if we infer that his trial counsel was responsible for it, such a decision is not outside the range of reasonable professional assistance. As the State points out, appellant is basing his contention on the

---

[2] Appellant filed a motion for new trial but it did not raise a challenge to trial counsel's performance.

testimony presented during the punishment phase of trial following a guilty plea. Based on this record, we do not know whether trial counsel was aware of other evidence not presented or knew of other factors bearing on the admissibility of the seized drugs that would have made pursuit of the motion fruitless. We will not speculate on the reasons behind trial counsel's actions. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

A mere showing that counsel failed to obtain a ruling or a hearing on pretrial motions does not establish ineffective assistance of counsel.[3] *Wills v. State,* 867 S.W.2d 852, 857 (Tex.App.–Houston [14th Dist.] 1993, pet. ref'd). Rather, trial counsel's decision whether to pursue a ruling on a pretrial motion is within the wide range of reasonable professional assistance. *See Wills,* 867 S.W.2d at 857. This case is not like *Andrews.*

Other Texas courts have declined to find ineffective assistance of counsel in similar circumstances. In *Greene v. State,* 124 S.W.3d 789, 791-92 (Tex.App.–Houston [1st Dist.] 2003, pet. ref'd), the court concluded that because there was nothing in the record to show why counsel chose not to attempt to have the in-court identification suppressed, appellant could not meet the first prong of the *Strickland* test. *Greene,* 124 S.W.3d at 791-92, *citing Bone v. State,* 77 S.W.3d 828, 830 (Tex.Crim.App. 2002). The same conclusion was reached in *Davis v. State,* 930 S.W.2d 765, 769 (Tex.App.–Houston [1st Dist.] 1996, pet. ref'd ), in which the court held that appellant failed to satisfy the first prong of *Strickland*

---

[3] Likewise, the failure to file a suppression motion does not necessarily constitute ineffective assistance of counsel. *Yuhl v. State,* 784 S.W.2d 714, 717 (Tex.App.–Houston [14th Dist.] 1990, pet. ref'd); *Ellis v. State,* 677 S.W.2d 129, 134 (Tex.App.–Dallas 1984, writ ref'd).

because, without testimony by trial counsel, the court could not meaningfully address his reasons for not filing a motion to suppress. *See also Whitney v. State,* 190 S.W.3d 786, 788 (Tex.App.–Fort Worth 2006, no pet.) (finding appellant failed to meet the first prong of *Strickland* where the record was silent regarding why trial counsel failed to request a record of the punishment hearing or whether he objected to the failure to record the hearing).

Even assuming that the decision about which appellant complains can be laid at the feet of his trial counsel, appellant still has not overcome the presumption that trial counsel made the decision in the exercise of reasonable professional judgment. Appellant has not met the first prong of the *Strickland* test. We overrule appellant's issue and affirm his conviction and sentence.[4]

James T. Campbell
Justice

Do not publish.

---

[4] The State also argues the motion to suppress properly would have been denied, even under the punishment phase testimony. We do not address this contention. We need not examine both *Strickland* prongs if one cannot be met. *Blumenstetter v. State,* 135 S.W.3d 234, 242 (Tex.App.–Texarkana 2004, no pet.), *citing Strickland,* 466 U.S. at 697.