NO. 07-11-00450-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 26, 2012

LEONARD JAY KANE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 8890; HONORABLE STEVEN RAY EMMERT, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Leonard Jay Kane appeals his conviction of possession of methamphetamine and resulting sentence of forty years of imprisonment. Through one issue, appellant contends he received ineffective assistance of counsel at trial. We will affirm.

Background

Appellant was indicted in May 2011 for possession of methamphetamine in an amount of more than one gram but less than four grams.[1] The indictment also included two enhancement paragraphs setting forth appellant's two previous felony convictions. At trial, appellant plead "true" to each enhancement.

The State called several witnesses at trial to show appellant possessed methamphetamine in April 2010. Officers testified the Pampa police crime stoppers coordinator received a tip regarding narcotics at a local residence. Testimony showed officer Chad Johnson went to the residence to check on the possible presence of a methamphetamine lab. Johnson saw appellant and his sister, Jane, sitting on the porch of the residence along with two other individuals. By the time Johnson left his vehicle, everyone had gone inside. He went to the door and knocked. Jane and another individual answered the door. After Johnson explained he was there to investigate a tip that a methamphetamine lab was present in the home, Jane let Johnson into the house and took him back to appellant's room. Appellant and two other people were in the room. There, Johnson saw drug paraphernalia including pipes. He also heard drawers opening and shutting and doors closing in other areas of the house. As a result, he asked everyone to leave the home.

Jane told Johnson appellant and his brother Jerry lived at the house. She also said she herself lived there at times and she confirmed she owned the house. Jane provided the officer with oral and written consent to search the house. Officers smelled

---

[1] Tex. Health & Safety Code Ann. § 481.115(c) (West 2011).

chemicals in appellant's room and located items consistent with the manufacture of methamphetamine there. Officers also found a bag with pink residue believed to be methamphetamine in the bathroom near appellant's bedroom. Photographs showing the rooms and the items found there were admitted at trial. Appellant told officers everything in the house was his.

The defense rested without presenting evidence at either the guilt-innocence or punishment stages of trial. The jury convicted appellant as charged in the indictment and punishment was assessed as noted. This appeal followed.

Analysis

Appellant asserts his trial counsel rendered ineffective assistance because he did not adequately prepare and present appellant's defense. He argues his trial counsel should have filed a motion to suppress the evidence found during the search of the residence because Jane did not have authority to consent to the search and it was his trial counsel's duty to bring that inquiry to the trier of fact.

The adequacy of defense counsel's assistance is based on the totality of the representation rather than isolated acts or omissions. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is judged by hindsight. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006).

3

*Strickland v. Washington* is the seminal case setting forth the standard for ineffective assistance of counsel claims under the United States Constitution. 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Court in *Strickland* established a two-pronged test for analyzing a claim of ineffective assistance of counsel. Reversal requires an appellant demonstrate (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. 466 U.S. at 687, 104 S.Ct. at 2064. *See also Hernandez v. State*, 726 S.W.2d 53, 54-55 (Tex.Crim.App. 1986) (applying *Strickland* standard under Texas constitution).

The first prong of the *Strickland* test requires an appellant prove that counsel made such serious errors that he did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2064. Appellant must show that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. 466 U.S. at 689-90, 104 S.Ct. at 2065-66. The second *Strickland* prong requires an appellant to "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). "Reasonable probability" means probability of a degree sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

An appellant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Mitchell*, 68 S.W.3d at 642. Review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within a wide range of reasonable professional assistance.

4

65 S.W.3d 59, 63 (Tex.Crim.App. 2001); *see Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (noting there are countless ways to provide effective assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly rooted in the record. *Thompson*, 9 S.W.3d at 813-14. In the majority of cases, the record on direct appeal is inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance; thus, the better course is to pursue the claim in habeas proceedings. *Mitchell*, 68 S.W.3d at 642. Absent evidence of counsel's reasons for the challenged conduct, we will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).

The record before us does not demonstrate counsel's performance fell below an objective standard of reasonableness. Appellant's trial counsel cross-examined some of the State's witnesses and made appropriate objections and argument during trial. The failure to file a suppression motion does not necessarily constitute ineffective assistance of counsel. *Yuhl v. State,* 784 S.W.2d 714, 717 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd); *Ellis v. State,* 677 S.W.2d 129, 134 (Tex.App.—Dallas 1984, writ ref'd). The same is true of a decision not to make a particular argument before the jury. *See generally Ramirez v. State,* 229 S.W.3d 725, 730-31 (Tex.App.—San Antonio 2007, no pet.) (substance of counsel's argument is inherently a trial strategy).

The record does not explain why trial counsel did not file a motion to suppress or present to the jury the argument Jane did not have authority to consent to the search.[2] *Johnson v. State,* 233 S.W.3d 109, 116 (Tex.App.—Houston [14th Dist.], 2007, no pet.). Allegations of ineffective assistance of counsel must be firmly founded in the record. *Thompson,* 9 S.W.3d at 813. Such a decision is not outside the range of reasonable professional assistance and nothing in the record suggests otherwise. We also do not know whether trial counsel was aware of other evidence not presented or knew of other factors bearing on the admissibility of the seized evidence that would have made fruitless the pursuit of a motion to suppress or a lack of authority to consent argument We will not speculate on the reasons behind trial counsel's actions. *Jackson v. State,* 877 SW.2d 768, 771 (Tex.Crim.App. 1994).

Other Texas courts have declined to find ineffective assistance of counsel in similar circumstances. In *Greene v. State,* 124 S.W.3d 789, 791-92 (Tex.App.--Houston [1st Dist.] 2003, pet. ref'd), the court concluded that because there was nothing in the record to show why counsel chose not to attempt to have the in-court identification suppressed, appellant could not meet the first prong of the *Strickland* test. *Greene,* 124 S.W.3d at 791-92, *citing Bone v. State,* 77 S.W.3d 828, 830 (Tex.Crim.App. 2002). The

_____

[2] Appellant does not discuss the necessity of a jury instruction pursuant to Article 38.23 of the Code of Criminal Procedure for the jury to be able to consider any fact questions concerning the search and Jane's authority to consent to it. *See* Tex. Code Crim. Proc. Ann. art 38.23 (West 2011) (providing "[i]n any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained"); *Madden v. State,* 242 S.W.3d 504, 510 (Tex.Crim.App. 2007).

6

same conclusion was reached in *Davis v. State,* 930 S.W.2d 765, 769 (Tex.App.--Houston [1st Dist.] 1996, pet. ref'd), in which the court held that appellant failed to satisfy the first prong of *Strickland* because, without testimony by trial counsel, the court could not meaningfully address his reasons for not filing a motion to suppress. *See also Whitney v. State,* 190 S.W.3d 786, 788 (Tex.App.--Fort Worth 2006, no pet.) (finding appellant failed to meet the first prong of *Strickland* where the record was silent regarding counsel's reasons for failing to request transcription of record of the punishment hearing); *Hardin v. State,* 951 S.W.2d 208, 211 (Tex.App.—Houston [14th Dist.] 1997, no pet.) (rejecting claim for ineffective assistance when trial counsel failed to request article 38.23 instruction).

Appellant has not overcome the presumption that trial counsel made the decisions of which he complains in the exercise of reasonable professional judgment. Appellant thus has not met the first prong of the *Strickland* test.[3] We overrule appellant's issue and affirm his conviction and sentence.


James T. Campbell
Justice

Do not publish.

---

[3] We need not examine both *Strickland* prongs if one cannot be met. *Blumenstetter v. State,* 135 S.W.3d 234, 242 (Tex.App.—Texarkana 2004, no pet.), *citing Strickland,* 466 U.S. at 697.