**Hermon Lee BROWN a/k/a Herman Lee Brown, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–88–837–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 13, 1990.

J.C. Castillo, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION ON STATE'S MOTION FOR REHEARING

CANNON, Justice.

The State's motion for rehearing is granted, the opinion issued on July 12, 1990, is withdrawn and the following opinion is substituted:

Appellant entered a plea of not guilty before a jury to the offense of delivery of a controlled substance, cocaine, weighing less than 28 grams. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.03(b)[1]. He was convicted and the court assessed punishment at imprisonment for eight years. We affirm.

Appellant raises a single point of error, asserting that he received ineffective assistance of counsel at trial, resulting in his conviction.

The standard for assessing claims of ineffective assistance of counsel at the guilt-innocence stage of trial is a two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

[1] The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.... A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. 466 U.S. at 688, 690 [104 S.Ct. at 2064, 2065].

[2] The defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694 [104 S.Ct. at 2068].

The United States Supreme Court further states that a strong presumption exists in favor of counsel's having rendered adequate assistance and having made all significant decisions in the exercise of reasonable professional judgment. 466 U.S. at 690, 104 S.Ct. at 2065. The Court of Criminal Appeals adopted the *Strickland* standard in *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986).

■ Appellant asserts that his trial attorneys' voir dire examination was too short, citing *Miles v. State*, 644 S.W.2d 23 (Tex.App.—El Paso 1982, no pet.). *Miles* involved a complete lack of voir dire, which is not the situation here. As the *Miles* court commented:

At times, a short examination may be good strategy; it may even be very adequate. But, we know of no strategy which permits counsel to waive all questions to a jury panel.

644 S.W.2d at 24; *Jackson v. State*, 491 S.W.2d 155, 156 (Tex.Crim.App.1973). In the instant case, defense counsel covered the critical questions for a prosecution involving delivery of narcotics to an undercover officer. Counsel made inquiries regarding the relationship of the veniremen to law enforcement personnel, the veniremen's inclination to believe the testimony of police officers over that of non-police witnesses, and the veniremen's ability to presume that the defendant is innocent. Since appellant chose to be sentenced by the court there was no need for questions pertinent to sentencing. Trial counsels' voir dire examination is in no way indicative of ineffective assistance.

Appellant criticizes trial counsels' use of peremptory strikes on veniremen who, as a matter of arithmetic, could only be "alternate" jurors. Even as "alternates," such persons could conceivably have ended up on the jury. Eliminating one of these "al-

1. Now TEX.HEALTH & SAFETY CODE ANN. § 481.112(b).

ternate" jurors was a sound use of a peremptory strike, as she stated that her husband was a police officer and had done undercover work. Other alternates stated they had relatives in law enforcement, and presumably, a strike was expended on one of them as well. The record does not indicate that trial counsel did anything other than remove the veniremen presenting the most potential danger to appellant's case. Since appellant's attorneys used only nine of their peremptory challenges and appellant does not contend anyone harmful to his case ended up on the jury because of the criticized strikes, we are unable to discern how the outcome of the trial could have been affected.

■ Appellant also contends that his trial attorneys should have submitted certain documents into evidence and that, because they did not, his testimony was not credible. Appellant was wearing a digital pager at the time of his arrest. Two police officers testified that narcotics dealers often carry pagers. Appellant testified that he had the pager for legitimate business reasons. Because he had no telephone, the trucking company that employed him could only reach him through the pager. Appellant also testified he fled the scene when the police officers arrived because he had outstanding traffic warrants.

Appellant claims that his attorneys should have offered into evidence documentation supporting his testimony about the legitimate business purpose of the pager and the existence of the traffic warrants. While appellant could have used the warrants to prove their existence, this still would not have shown he had any knowledge of them. With respect to appellant's contention that his attorneys should have introduced documentation supporting a legitimate business purpose, for the pager there is nothing in the record which supports his assertion that any such records exist. Mere assertions of fact contained in a brief not supported by the record cannot be accepted as fact on appeal. *Davila v. State*, 651 S.W.2d 797, 799 (Tex.Crim.App. 1983). In any event, appellant's own testi-

mony adequately placed the issues before the jury.

■ Appellant contends that his testimony at trial was not credible because he was not prepared by his attorneys. There is nothing in the record which indicates the extent to which appellant was prepared to testify by his attorneys. In support of this contention, appellant refers to his testimony concerning his knowledge of the existence of outstanding traffic warrants at the time of his arrest. While we agree that such testimony is faltering, there is nothing which shows this resulted from inadequate preparation of appellant by his attorneys. It could have resulted instead, from appellant's own poor memory, as well as from other factors. We refuse to speculate about the reasons for appellant's poor trial performance. Appellant fails to sustain his burden of showing counsel's performance in preparing him for trial was inadequate, or that the alleged ineffectiveness had any affect on the outcome of the trial.

■ Appellant argues that trial counsel was careless in opening the door to proof of extraneous offenses by asking appellant whether he "[gave] anyone cocaine that night." When the prosecutor proposed to introduce an extraneous offense outside the presence of the jury, however, the court would not allow him to proceed with the introduction. Since no evidence of extraneous offenses was permitted, appellant can hardly contend the outcome of his trial was affected by this purported lapse on the part of counsel.

■ Appellant faults his trial attorneys for having proceeded to trial without two missing witnesses. At trial, appellant specifically stated that he wished to proceed without them and that he freely and voluntarily made that decision himself after discussing the possibility of a motion for continuance with his counsel.

■ Appellant contends the fact that the jury was deadlocked at one point shows that trial counsel should have done more. We agree with the State that the jury deadlock may indicate the *adequacy* of ap-

pellant's trial representation, rather than its *inadequacy*, especially in light of eyewitness testimony implicating appellant in the offense.

Trial counsels' actions fell within the wide range of affording appellant reasonable professional assistance. Further, appellant fails to demonstrate that, but for any error on the part of trial counsel, the result of the proceeding would have been different. We overrule appellant's sole point of error.

We affirm the judgment of the trial court.