NO. 07-06-0058-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 25, 2008
                                       ______________________________

DERRICK D. RIVERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409663; HONORABLE JIM BOB DARNELL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 
MEMORANDUM OPINION
          Appellant Derrick D. Rivers appeals from his jury conviction of possession of
cocaine and the court-imposed sentence of a term of twenty years in the Institutional
Division of the Texas Department of Criminal Justice. By his point of error, appellant
contends he received ineffective assistance of counsel at trial. We will overrule the point,
and affirm the judgment.
          Appellant was charged by indictment in July 2005 with knowingly and intentionally
possessing a controlled substance, namely cocaine, in an amount of at least one gram but
less than four grams.


 The indictment also contained an enhancement paragraph, alleging
appellant’s previous felony conviction for burglary of a habitation. 
Background
          Appellant’s appointed counsel Tom Stanfield filed a motion to withdraw as counsel
in September 2005. The motion was granted, and another attorney, Jack Stoffregen, was
appointed to represent appellant.


 During his representation of appellant, Stoffregen filed
various pretrial motions and participated in a pre-trial hearing. On January 5, 2006, days
before trial was to begin, a motion was filed seeking to substitute Ruth Cantrell, an attorney
retained by appellant, for Stoffregen. The trial court granted the motion on January 9, and
trial began on January 11. Appellant plead not guilty.
          Evidence at trial showed that police officers came to a motel room in Lubbock,
seeking to serve an arrest warrant on appellant. A motel security guard provided a key to
the room. Guns drawn,


 the officers unlocked the door with the key, but found the chain
latch was engaged. Appellant opened the door and admitted the officers, who placed him
and another man in the room in handcuffs. During these events, officers saw a white
powdery substance on the toilet and on a table in the motel room. A rolled-up dollar bill
also lay on the table. As the officers removed appellant from the room, one officer saw a
plastic bag sticking out of appellant’s pocket. The officer removed it, and found it
contained a white powdery substance. Appellant denied it was his but said he would take
the blame for it, another officer testified. The substance in the bag later formed the basis
for appellant’s indictment. The State’s chemist testified the substance contained cocaine. 
In his case-in-chief, appellant recalled one of the officers. The jury returned a verdict of
guilty. Appellant elected the court to assess his punishment and on February 8, 2006, the
punishment phase commenced. When appellant plead “not true” to the enhancement
paragraph of the indictment, the State presented testimony to establish his prior conviction.
The State also presented evidence of appellant’s conviction for delivery of a controlled
substance and probation revocation. The court received a presentence report showing
appellant’s numerous arrests. The court found the enhancement paragraph of the
indictment to be true, enhancing appellant’s third degree felony to a second degree, and
assessed punishment as noted. 
Issue
          Via appellant’s only point of error, he asserts that he did not receive effective
assistance of counsel because counsel failed to investigate the case adequately and was
insufficiently prepared for trial. 
 
 
Analysis
Standard for Ineffective Assistance of Counsel
          Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and
Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App.1986), provide the standard for
evaluation of most ineffective assistance of counsel claims. There is no distinction between
retained and appointed counsel when their effectiveness is challenged; each should be
reasonably competent and neither should render inadequate representation. Hurley v.
State, 606 S.W.2d 887 (Tex.Crim.App. 1980). See also Reese v. State, 905 S.W.2d 631,
635 (Tex.App.--Texarkana 1995, pet. ref'd) (citing Ex parte Gallegos, 511 S.W.2d 510
(Tex.Crim.App. 1974) (effectiveness of counsel--retained or appointed--is judged by a
single standard: reasonably effective assistance). 
          The standard comprises two parts. Under the first part of the Strickland test, an
appellant must show that counsel's performance was deficient. "This requires showing that
counsel made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; Young
v. State, 991 S.W.2d 835, 837 (Tex.Crim.App. 1999). The first part presumes that counsel
is better positioned than the appellate court to judge the pragmatism of the particular case,
and that counsel made all significant decisions in the exercise of reasonable professional
judgment. Id. Under the second part of the Strickland test, the appellant must show that
the deficient performance prejudiced the defense. "This requires showing that counsel's
errors were so serious as to deprive the defendant of a fair trial, a trial whose result is
reliable." Id. In other words, the appellant must show that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the proceeding would
have been different. Id. This part of the test carries "a strong presumption that counsel's
conduct falls within the wide range of reasonable professional assistance.” Thus, a record
that is silent as to counsel’s strategy is not sufficiently developed to enable appellant to
overcome the presumption of effective assistance of counsel. Rylander v. State, 101
S.W.3d 107, 110-11 (Tex.Crim.App. 2003). The appellant must overcome this presumption
by a preponderance of the evidence. Cannon v. State, 668 S.W.2d 401, 403
(Tex.Crim.App. 1984). 
          In applying this test, an appellate court should not try to second guess trial counsel’s
tactical decisions that do not fall below the threshold of the objective standard of
reasonableness. Id. An individual has a right to effective, not errorless, representation. 
Bridge v. State, 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In determining whether
counsel’s assistance is effective, the court must look at counsel’s representation of the
defendant as a whole, and not merely at isolated errors. Ex parte Kunkle, 852 S.W.2d
499, 505 (Tex.Crim.App. 1993); Cannon, 668 S.W.2d at 403. An allegation of ineffective
assistance must be firmly founded in the record. Thompson v. State, 9 S.W.3d 808, 813
(Tex.Crim.App. 1999). 
Appellant’s Reliance on Johnson v. State
          Appellant first contends that no analysis of harm or prejudice should be required in
this case because the deprivation of his right to counsel properly is attributable to the trial
court, not simply to his retained counsel, and because the deprivation properly is
characterized as a “structural” defect. He cites the Court of Criminal Appeals’ classification
of rights violations and the analysis necessary for each classification set forth in Johnson
v. State, 169 S.W.3d 223, 228 (Tex.Crim.App. 2003). We find no merit in the contention.
          As indicative that the trial court bore responsibility for the ineffectiveness of his
counsel, appellant notes that the trial court was “informed that defense counsel had only
been hired two days prior to trial.” He refers us to a discussion on the record during a
hearing just prior to the beginning of trial. Appellant’s counsel was arguing the State had
failed to provide her with offense reports of adjudicated offenses the State intended to use
in the punishment stage of trial, in violation of the court’s discovery order. In response to
the court’s question why counsel had not asked the prosecutor for the reports, counsel
replied, “Because I’ve only been on the case two days and the [discovery] order specifically
says they’re to provide it.”


 That discussion, in which counsel was making a vigorous, and
partially successful,


 effort to exclude evidence concerning appellant’s prior offenses,
would not have suggested to the trial court that appellant’s retained counsel was
performing in a deficient manner. The record does not support a contention that any
deprivation of appellant’s right to counsel in this case was attributable to the trial court
under the analysis in Johnson. 169 S.W.3d at 228. 
          As further indication no harm or prejudice analysis is required here, appellant
contends he suffered the total deprivation of counsel at trial. As evidence of his total
deprivation of counsel, appellant notes counsel was hired only days before trial and failed
to request a continuance.


 Appellant’s circumstance cannot reasonably be compared with
those in which courts have found a total deprivation of counsel. See, e.g., United States
v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); Cantu v. State, 930
S.W.2d 594 (Tex.Crim.App. 1996). Nor is it reasonably compared with those in which
courts have determined counsel has entirely failed to subject the prosecution’s case to
meaningful adversarial testing. See, e.g., Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105,
39 L.Ed.2d 347 (1974) (defendant denied the right of effective cross-examination of
prosecution witness; no specific showing of prejudice required); Cannon v. State, No. PD-1084-05, 2008 WL 141902 (Tex.Crim.App. January 16, 2008) (op. on reh’g) (not yet
released for publication) (court found violation of Sixth Amendment and presumed
prejudice where defense counsel declined to participate in voir dire, to enter a plea for his
client, to make an opening or closing statement, to make any objections, to cross-examine
any of the State’s witnesses, to request any special jury instructions, or to offer any
evidence or argument during the punishment phase). Here, in addition to the already-noted effort to exclude a part of the State’s evidence, the actions of appellant’s retained
counsel included the conduct of voir dire, appropriate cross-examination of the State’s
witnesses, appropriate objections during the State’s case, recall of a witness for further
testimony, a jury argument attempting to cast doubt on appellant’s knowledge of the illicit
substance in his pocket and attempting to point a finger at the room’s other occupant, and
an appropriate argument to the court on sentencing. We find appellant’s claim of
ineffectiveness of counsel is governed by the standards of Strickland and Hernandez. Ineffectiveness of Counsel
          Appellant’s complaints about his retained counsel’s performance during the
guilt/innocence stage of trial are premised on the notion she had only two days to prepare
for trial. The only indication of that fact in the record is the remark of counsel to which we
have referred, to the effect that she had only been “on the case two days.” Considering
the remark in the context of counsel’s argument to the court, it cannot be taken as a
definitive statement of the length of time counsel had available to prepare for trial. As
noted, counsel’s remark was a part of her response to the court’s question asking why she
had not asked for the offense reports she claimed the State should have provided her. As
appellant’s brief points out, the motion to substitute was filed on January 5, six days before
trial. The record does not establish that appellant’s retained counsel had only two days to
prepare for trial. 
          Appellant is critical of his retained counsel’s performance at trial in several specific
respects. He complains of what he considers her excessively brief examination of the
venire during voir dire, her failure to exercise more than seven of her ten peremptory
challenges, her failure to challenge the legality of the officers’ entry into his motel room or
the legality of the search of appellant’s person or motel room and her failure to present 
witnesses during the guilt/innocence stage other than recalling a State witness. None of
these complaints, however, is accompanied by any explanation why in this case it
evidences deficient performance by counsel. Courts have recognized, for instance, that
a short voir dire examination may be sound trial strategy. See, e.g., Brown v. State, 797
S.W.2d 686, 687 (Tex.App.–Houston [14th Dist.] 1990, no pet.). Although counsel’s voir
dire occupies less than five pages of the reporter’s record, as the State notes, it followed 
a lengthy voir dire by the prosecutor, occupying over forty pages of record. Counsel had
the opportunity to evaluate the panel during the State’s voir dire, and she addressed topics
important to the defense during her examination. As the State notes also, because the jury
was not to assess punishment, that subject was not explored during counsel’s voir dire. 
          The failure to file a suppression motion does not necessarily constitute deficient
performance. Yuhl v. State, 784 S.W.2d 714, 717 (Tex.App.–Houston [14th Dist.] 1990,
pet. ref’d); Ellis v. State, 677 S.W.2d 129, 134 (Tex.App.–Dallas 1984, writ ref’d). The
record does not establish that an effort to suppress evidence through a challenge to the
propriety of the officers’ actions was warranted in this case, much less that the effort had
a likelihood of success. Nor does the record identify any witness whose testimony would
have been available and helpful to appellant’s plea of not guilty. This record, silent as to
counsel’s reasons for her actions at trial, does not suffice to overcome the presumption
that counsel’s actions were the product of reasoned professional judgment. Rylander, 101
S.W.3d at 110-11. 
          Moreover, the record provides us no basis on which to find a reasonable probability
that the outcome of this factually uncomplicated case would have been different had
counsel not made the purported errors appellant now sees. Strickland, 466 U.S. at 687. 
In particular, the record does not explain how the exercise of more peremptory strikes
would have been of benefit to appellant. 
          Lastly, appellant complains he received ineffective assistance of counsel again
when the case proceeded to the punishment stage on February 8, 2006. Both elements
of the Strickland standard apply to assertions of ineffective assistance during noncapital
sentencing proceedings. Hernandez v. State, 988 S.W.2d 770, 773 (Tex.Crim.App. 1999). 
Appellant plead “not true” to the previous conviction alleged in the indictment. The State
presented a witness who opined that fingerprints on a judgment reflecting that previous
conviction, for burglary of a habitation, and on a judgment showing his prior conviction for
possession of a controlled substance, were appellant’s fingerprints. Based on that
testimony, the State offered the judgments. Appellant’s counsel did not cross examine the
witness, and she voiced “no objection” to the admission of the judgments. The court found
the allegation in the enhancement paragraph true. Appellant’s trial counsel presented no
testimony or other evidence during the punishment stage of trial. She presented a brief
argument, pointing out that not all the arrests shown in the presentencing report resulted
in convictions and others were minor offenses. She noted appellant had served his
punishment for the prior convictions, and had been employed. She asked the court to
consider something less than the maximum punishment. 
          As with appellant’s assertions with regard to the guilt/innocence stage of trial, the
record does not show that objections to the State’s punishment evidence would have been
well taken. It is true that the failure to call witnesses may demonstrate ineffective
assistance of counsel. See, e.g., Butler v. State, 716 S.W.2d 48, 55 (Tex.Crim.App. 1986)
(counsel failed to interview and present available alibi witness and other eyewitnesses). 
But courts have noted that counsel’s failure to call witnesses is “of no moment” unless it
is shown that potential defense witnesses were available and that their testimony would
benefit the defense. Simms v. State, 848 S.W.2d 754, 758 (Tex. App.–Houston [1st Dist.]
1993, pet. ref’d), citing Wilkerson v. State, 726 S.W.2d 542, 551 (Tex.Crim.App. 1986);
accord, Butler, 716 S.W.2d at 55. The record here reflects no such showing and without
it, appellant’s assertion that trial counsel failed to present testimony of friends or family on
his behalf does not demonstrate his counsel was ineffective. 
          Concluding that appellant’s contention he was denied the effective assistance of
counsel is not in this case firmly founded in the record, Thompson, 9 S.W.3d at 813, we
overrule his appellate issue, and affirm the trial court’s judgment.
 

 
James T. Campbell

                                                                          Justice



Do not publish.