NO. 07-06-0058-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 25, 2008
_____

DERRICK D. RIVERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409663; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Derrick D. Rivers appeals from his jury conviction of possession of cocaine and the court-imposed sentence of a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice. By his point of error, appellant contends he received ineffective assistance of counsel at trial. We will overrule the point, and affirm the judgment.

Appellant was charged by indictment in July 2005 with knowingly and intentionally possessing a controlled substance, namely cocaine, in an amount of at least one gram but

less than four grams.[1]  The indictment also contained an enhancement paragraph, alleging appellant's previous felony conviction for burglary of a habitation.

Background

Appellant's appointed counsel Tom Stanfield filed a motion to withdraw as counsel in September 2005.  The motion was granted, and another attorney, Jack Stoffregen, was appointed to represent appellant.[2]  During his representation of appellant, Stoffregen filed various pretrial motions and participated in a pre-trial hearing.  On January 5, 2006, days before trial was to begin, a motion was filed seeking to substitute Ruth Cantrell, an attorney retained by appellant, for Stoffregen.  The trial court granted the motion on January 9, and trial began on January 11. Appellant plead not guilty.

Evidence at trial showed that police officers came to a motel room in Lubbock, seeking to serve an arrest warrant on appellant.  A motel security guard provided a key to the room. Guns drawn,[3] the officers unlocked the door with the key, but found the chain latch was engaged.  Appellant opened the door and admitted the officers, who placed him and another man in the room in handcuffs.  During these events, officers saw a white powdery substance on the toilet and on a table in the motel room. A rolled-up dollar bill

---

[1] Tex. Health & Safety Code Ann. § 481.115(c) (Vernon 2007).

[2] The record does not reflect when Mr. Stoffregen was appointed to represent appellant.  However, his name appears as appellant's attorney on documents in the record, and it is undisputed he represented appellant until appellant retained counsel.

[3] One officer testified that police procedures called for weapons to be drawn before entering a room under such circumstances.

also lay on the table. As the officers removed appellant from the room, one officer saw a plastic bag sticking out of appellant's pocket. The officer removed it, and found it contained a white powdery substance. Appellant denied it was his but said he would take the blame for it, another officer testified. The substance in the bag later formed the basis for appellant's indictment. The State's chemist testified the substance contained cocaine. In his case-in-chief, appellant recalled one of the officers. The jury returned a verdict of guilty. Appellant elected the court to assess his punishment and on February 8, 2006, the punishment phase commenced. When appellant plead "not true" to the enhancement paragraph of the indictment, the State presented testimony to establish his prior conviction. The State also presented evidence of appellant's conviction for delivery of a controlled substance and probation revocation. The court received a presentence report showing appellant's numerous arrests. The court found the enhancement paragraph of the indictment to be true, enhancing appellant's third degree felony to a second degree, and assessed punishment as noted.

## Issue

Via appellant's only point of error, he asserts that he did not receive effective assistance of counsel because counsel failed to investigate the case adequately and was insufficiently prepared for trial.

Analysis

Standard for Ineffective Assistance of Counsel

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986), provide the standard for evaluation of most ineffective assistance of counsel claims. There is no distinction between retained and appointed counsel when their effectiveness is challenged; each should be reasonably competent and neither should render inadequate representation. *Hurley v. State,* 606 S.W.2d 887 (Tex.Crim.App. 1980)*. See also Reese v. State,* 905 S.W.2d 631, 635 (Tex.App.--Texarkana 1995, pet. ref'd) (*citing Ex parte Gallegos,* 511 S.W.2d 510 (Tex.Crim.App. 1974) (effectiveness of counsel--retained or appointed--is judged by a single standard: reasonably effective assistance).

The standard comprises two parts. Under the first part of the *Strickland* test, an appellant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687*; Young v. State,* 991 S.W.2d 835, 837 (Tex.Crim.App. 1999). The first part presumes that counsel is better positioned than the appellate court to judge the pragmatism of the particular case, and that counsel made all significant decisions in the exercise of reasonable professional judgment. *Id.* Under the second part of the *Strickland* test, the appellant must show that the deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

4

reliable." *Id.* In other words, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* This part of the test carries "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Thus, a record that is silent as to counsel's strategy is not sufficiently developed to enable appellant to overcome the presumption of effective assistance of counsel. *Rylander v. State,* 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003). The appellant must overcome this presumption by a preponderance of the evidence. *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App. 1984).

In applying this test, an appellate court should not try to second guess trial counsel's tactical decisions that do not fall below the threshold of the objective standard of reasonableness. *Id.* An individual has a right to effective, not errorless, representation. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In determining whether counsel's assistance is effective, the court must look at counsel's representation of the defendant as a whole, and not merely at isolated errors. *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App. 1993); *Cannon,* 668 S.W.2d at 403. An allegation of ineffective assistance must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Appellant's Reliance on *Johnson v. State*

Appellant first contends that no analysis of harm or prejudice should be required in this case because the deprivation of his right to counsel properly is attributable to the trial

court, not simply to his retained counsel, and because the deprivation properly is characterized as a "structural" defect. He cites the Court of Criminal Appeals' classification of rights violations and the analysis necessary for each classification set forth in *Johnson v. State*, 169 S.W.3d 223, 228 (Tex.Crim.App. 2003). We find no merit in the contention.

As indicative that the trial court bore responsibility for the ineffectiveness of his counsel, appellant notes that the trial court was "informed that defense counsel had only been hired two days prior to trial." He refers us to a discussion on the record during a hearing just prior to the beginning of trial. Appellant's counsel was arguing the State had failed to provide her with offense reports of adjudicated offenses the State intended to use in the punishment stage of trial, in violation of the court's discovery order. In response to the court's question why counsel had not asked the prosecutor for the reports, counsel replied, "Because I've only been on the case two days and the [discovery] order specifically says they're to provide it."[4] That discussion, in which counsel was making a vigorous, and partially successful,[5] effort to exclude evidence concerning appellant's prior offenses, would not have suggested to the trial court that appellant's retained counsel was performing in a deficient manner. The record does not support a contention that any deprivation of appellant's right to counsel in this case was attributable to the trial court under the analysis in *Johnson*. 169 S.W.3d at 228.

---

[4] The discovery order required the evidence being discussed to be provided at least four days before trial.

[5] Because the State did not furnish the offense reports as required by the discovery order, the court ruled the State's proof concerning the convictions during the punishment stage would be limited merely to the judgments of conviction.

As further indication no harm or prejudice analysis is required here, appellant contends he suffered the total deprivation of counsel at trial. As evidence of his total deprivation of counsel, appellant notes counsel was hired only days before trial and failed to request a continuance.[6] Appellant's circumstance cannot reasonably be compared with those in which courts have found a total deprivation of counsel. *See, e.g., United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039*,* 80 L.Ed.2d 657 (1984)*; Cantu v. State,* 930 S.W.2d 594 (Tex.Crim.App. 1996). Nor is it reasonably compared with those in which courts have determined counsel has entirely failed to subject the prosecution's case to meaningful adversarial testing. *See, e.g., Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (defendant denied the right of effective cross-examination of prosecution witness; no specific showing of prejudice required); *Cannon v. State,* No. PD-1084-05, 2008 WL 141902 (Tex.Crim.App. January 16, 2008) (op. on reh'g) (not yet released for publication) (court found violation of Sixth Amendment and presumed prejudice where defense counsel declined to participate in voir dire, to enter a plea for his client, to make an opening or closing statement, to make any objections, to cross-examine any of the State's witnesses, to request any special jury instructions, or to offer any evidence or argument during the punishment phase). Here, in addition to the already-noted effort to exclude a part of the State's evidence, the actions of appellant's retained

---

[6] Appellant also analogizes to the requirement of art. 1.051(e) of the Code of Criminal Procedure that appointed counsel be given ten days to prepare for a proceeding. Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon 2005 & Supp. 2007). His argument effectively would have us infer a violation of his Sixth Amendment right to counsel merely from the fact his counsel was retained fewer than ten days before trial. The case law permits no such inference. *See United States v. Cronic,* 466 U.S. 648, 661, 104 S.Ct. 2039*,* 80 L.Ed.2d 657 (1984) (noting every refusal to postpone a criminal trial does not give rise to presumption of ineffectiveness of counsel).

7

counsel included the conduct of voir dire, appropriate cross-examination of the State's witnesses, appropriate objections during the State's case, recall of a witness for further testimony, a jury argument attempting to cast doubt on appellant's knowledge of the illicit substance in his pocket and attempting to point a finger at the room's other occupant, and an appropriate argument to the court on sentencing. We find appellant's claim of ineffectiveness of counsel is governed by the standards of *Strickland* and *Hernandez*.

## Ineffectiveness of Counsel

Appellant's complaints about his retained counsel's performance during the guilt/innocence stage of trial are premised on the notion she had only two days to prepare for trial. The only indication of that fact in the record is the remark of counsel to which we have referred, to the effect that she had only been "on the case two days." Considering the remark in the context of counsel's argument to the court, it cannot be taken as a definitive statement of the length of time counsel had available to prepare for trial. As noted, counsel's remark was a part of her response to the court's question asking why she had not asked for the offense reports she claimed the State should have provided her. As appellant's brief points out, the motion to substitute was filed on January 5, six days before trial. The record does not establish that appellant's retained counsel had only two days to prepare for trial.

Appellant is critical of his retained counsel's performance at trial in several specific respects. He complains of what he considers her excessively brief examination of the venire during voir dire, her failure to exercise more than seven of her ten peremptory

8

challenges, her failure to challenge the legality of the officers' entry into his motel room or the legality of the search of appellant's person or motel room and her failure to present witnesses during the guilt/innocence stage other than recalling a State witness.  None of these complaints, however, is accompanied by any explanation why in this case it evidences deficient performance by counsel.  Courts have recognized, for instance, that a short voir dire examination may be sound trial strategy.  *See, e.g., Brown v. State*, 797 S.W.2d 686, 687 (Tex.App.–Houston [14th Dist.] 1990, no pet.).  Although counsel's voir dire occupies less than five pages of the reporter's record, as the State notes, it followed a lengthy voir dire by the prosecutor, occupying over forty pages of record.  Counsel had the opportunity to evaluate the panel during the State's voir dire, and she addressed topics important to the defense during her examination.  As the State notes also, because the jury was not to assess punishment, that subject was not explored during counsel's voir dire.

The failure to file a suppression motion does not necessarily constitute deficient performance.  *Yuhl v. State,* 784 S.W.2d 714, 717 (Tex.App.–Houston [14th Dist.] 1990, pet. ref'd); *Ellis v. State,* 677 S.W.2d 129, 134 (Tex.App.–Dallas 1984, writ ref'd).  The record does not establish that an effort to suppress evidence through a challenge to the propriety of the officers' actions was warranted in this case, much less that the effort had a likelihood of success.  Nor does the record identify any witness whose testimony would have been available and helpful to appellant's plea of not guilty.  This record, silent as to counsel's reasons for her actions at trial, does not suffice to overcome the presumption that counsel's actions were the product of reasoned professional judgment. *Rylander,* 101 S.W.3d at 110-11.

9

Moreover, the record provides us no basis on which to find a reasonable probability that the outcome of this factually uncomplicated case would have been different had counsel not made the purported errors appellant now sees. *Strickland,* 466 U.S. at 687. In particular, the record does not explain how the exercise of more peremptory strikes would have been of benefit to appellant.

Lastly, appellant complains he received ineffective assistance of counsel again when the case proceeded to the punishment stage on February 8, 2006. Both elements of the *Strickland* standard apply to assertions of ineffective assistance during noncapital sentencing proceedings. *Hernandez v. State,* 988 S.W.2d 770, 773 (Tex.Crim.App. 1999). Appellant plead "not true" to the previous conviction alleged in the indictment. The State presented a witness who opined that fingerprints on a judgment reflecting that previous conviction, for burglary of a habitation, and on a judgment showing his prior conviction for possession of a controlled substance, were appellant's fingerprints. Based on that testimony, the State offered the judgments. Appellant's counsel did not cross examine the witness, and she voiced "no objection" to the admission of the judgments. The court found the allegation in the enhancement paragraph true. Appellant's trial counsel presented no testimony or other evidence during the punishment stage of trial. She presented a brief argument, pointing out that not all the arrests shown in the presentencing report resulted in convictions and others were minor offenses. She noted appellant had served his punishment for the prior convictions, and had been employed. She asked the court to consider something less than the maximum punishment.

As with appellant's assertions with regard to the guilt/innocence stage of trial, the record does not show that objections to the State's punishment evidence would have been well taken. It is true that the failure to call witnesses may demonstrate ineffective assistance of counsel. *See, e.g., Butler v. State,* 716 S.W.2d 48, 55 (Tex.Crim.App. 1986) (counsel failed to interview and present available alibi witness and other eyewitnesses). But courts have noted that counsel's failure to call witnesses is "of no moment" unless it is shown that potential defense witnesses were available and that their testimony would benefit the defense. *Simms v. State,* 848 S.W.2d 754, 758 (Tex. App.–Houston [1st Dist.] 1993, pet. ref'd), *citing Wilkerson v. State,* 726 S.W.2d 542, 551 (Tex.Crim.App. 1986); *accord, Butler,* 716 S.W.2d at 55. The record here reflects no such showing and without it, appellant's assertion that trial counsel failed to present testimony of friends or family on his behalf does not demonstrate his counsel was ineffective.

Concluding that appellant's contention he was denied the effective assistance of counsel is not in this case firmly founded in the record, *Thompson,* 9 S.W.3d at 813, we overrule his appellate issue, and affirm the trial court's judgment.

James T. Campbell
Justice

Do not publish.

11